IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

    Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC;
KEVIN B. JORDAN;
CONSTRUCTION DISBURSEMENT SERVICES, INC.;
KENNETH E. NORTH;
PARADISE VIEW RANCHO MIRAGE, LLC;
GILGER HOMES, LLC;
KIRK GILGER;
NEW CENTURY BUILDERS, INC.;
SUNDANCE MORTGAGE, LLC;
THE ARTISAN GROUP, LLC, d/b/a ARTISAN DEVELOPMENT GROUP;
EHLINE CO.; and
RICHARD EHLINE,

    Defendants.

## PROTECTIVE ORDER

WHEREAS, it appears certain documents, information and tangible objects that may be produced in discovery in this proceeding may contain confidential financial and other information of individual borrowers;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN SECURITY SERVICE FEDERAL CREDIT UNION; FIRST AMERICAN MORTGAGE FUNDING, LLC; KEVIN B. JORDAN; CONSTRUCTION DISBURSEMENT SERVICES, INC.; KENNETH E. NORTH; GILGER HOMES, LLC; KIRK GILGER; NEW

CENTURY BUILDERS, INC.; SUNDANCE MORTGAGE, LLC; THE ARTISAN GROUP, LLC d/b/a ARTISAN DEVELOPMENT GROUP; THROUGH THEIR RESPECTIVE COUNSEL, SUBJECT TO APPROVAL OF THE COURT, AS FOLLOWS:

1. This Stipulation and Protective Order (this "Order") governs the treatment of documents,[1] transcripts of and exhibits to deposit ions, interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, received, filed wi th the Court, served, or obtained by any party or non-party in this act ion (collectively, "Person(s)").

2. Any Person shall have the right, before disclosure, to designate as "CONFIDENTIAL" any Discovery Material it produces or provides that an attorney on behalf of the Person believes constitutes, reflects or discloses confidential information of the Person or other private information of borrowers that requires protection.

3. All Discovery Material designated as "CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), is referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order. Specifically, absent an order by this Court to the contrary, Designated Material shall be used by a Person solely in connection with this action and any appeal therefrom, and not for any business, copyright, trademark or patent prosecution, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided

---

[1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, phono - records, and other data compilations from which information can be obtained. . . ." *See* Colo. R. Civ. P. 34(a).

for in this Order or any subsequent Court order, or with the explicit prior written consent of the designating Person with respect to specifically identified Designated Material.

    4.    Discovery Material designated as "CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), may be disclosed, shown, or made available, or communicated in any way only to the following persons:

    a.    attorneys that have entered their appearance on behalf of parties to this action, their associates or partners, and persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to such attorneys;

    b.    qualified persons taking testimony involving the Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

    c.    consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 7 of this Order are complied with prior to any disclosure of the Designated Material to the expert or consultant;

    d.    third-parties specifically retained to assist th e attorneys identified in Paragraph 4(a) in copying, imaging, and/or coding of Designated Material, provided that all such Designated Material is kept in a separate and secure place and that the third party retained to copy, image, or code the Designated Material is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of the parties, or of any entity or person from whom discovery is sought in this action, or for one having any interest adverse to any party to this action;

    e.    witnesses deposed in this act ion or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 9 of this Order.

    5.    Designated Material shall be so designated by marking or stamping the material

"CONFIDENTIAL" prior to the time the material is disclosed, or as soon thereafter as the person or entity seeking the protection becomes aware of the nature of the material disclosed and sought to be protected.

6. Depositions shall be classified as Designated Material, unless an attorney designates them as not Designated Material.

7. Except for persons described in Paragraph 4(a) and (b) of this Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including non-parties and their representatives, shall be informed of and agree to be bound by the terms of this Order. Prior to disclosing Designated Material to persons described in Paragraph 4(c), (d), or (e) of this Order, the disclosing Person or its legal counsel shall obtain and preserve a written acknowledgment signed by the person to whom disclosure is intended, in language identical to Exhibit 1 annexed hereto.

8. Designated Material, where filed with the Court as part of any pleading or as evidence, shall be filed with the Court along with a motion and order requesting sealing , or in hard copy to chambers, as permitted by the Court.

9. Witnesses deposed in this action or who are called as wit nesses at any hearing in this action may be shown Designated Material by an attorney but only (1) in preparation for the deposition or hearing or (2) during the deposition or hearing.

10. A designating Person that inadvertently fails to mark Designated Material as "CONFIDENTIAL" at the time of the production shall promptly correct its failure once discovered. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "CONFIDENTIAL." Within five (5) days o f receipt of the substitute copies, the receiving Person shall return or

destroy the previously unmarked materials and all copies thereof. The corrected designations shall apply prospectively only.

11. If Designated Material is disclosed to anyone other than in the manner authorized herein, the person responsible for the disclosure must immediately inform the parties to this action and shall make every effort to prevent further disclosure by it or by anyone who was a recipient of such information.

12. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designat ion under this Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confident ial, or a trade secret.

13. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:

    a. at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

    b. since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving Person, part of the public domain by publication or otherwise;

    c. at the time ofdisclosure, was al ready in the possession of the receiving Person and was not acquired directly or indirect ly fromthe designating Person or from any third party under obligation of confidence to the designating Person;

    d. after disclosure hereunder, was acquired by the receiving Person fro ma

third party lawfully possessing the same and having no obligation to the designating Person hereunder; or,

e. the designating Person agrees, in writing prior to disclosure hereunder, may be disclosed to a third party under no obligation of confidentiality.

14. Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all Persons to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

15. Subject to final order of the Court upon complet ion of all matters relating to this case, within thirty (30) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material and all copies and summaries thereof shall be returned to the designating Person or destroyed; provided, however, counsel for each Person shall be permitted to retain and archive Discovery Material that is contained in files ordinarily maintained in the course of lit igation. If Discovery Material is destroyed pursuant to this Paragraph 15, the party destroying such Discovery Material shall certify in writing to the designat ing Person that such destruction has taken place.

16. Nothing in this Order shall limit or restrict the manner in which any party shall handle its own Discovery Material.

17. This Order is being entered without prejudice to the right of any Person to request modification of or relief from any of its terms from the Court. In the event any parties are joined in this action, such new parties shall be subject to the terms of this Order upon their receipt of a summons and copy of this Order.

DATED at Denver, Colorado, this 27th day of October, 2008

BY THE COURT:

Craig B. Shaffer
United States Magistrate Judge