**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 08-cv-00955-WYD-CBS**

**SECURITY SERVICE FEDERAL CREDIT UNION,**

**Plaintiff,**

**vs.**

**FIRST AMERICAN MORTGAGE FUNDING, LLC;
KEVIN B. JORDAN;
CONSTRUCTION DISBURSEMENT SERVICES, INC.;
KENNETH E. NORTH;
PARADISE VIEW RANCH MIRAGE, LLC;
GILGER HOMES, LLC;
KIRK GILGER;
NEW CENTURY BUILDERS, INC.;
SUNDANCE MORTGAGE, LLC;
THE ARTISAN GROUP, LLC d/b/a ARTISAN DEVELOPMENT GROUP;
EHLINE CO.; and
RICHRD EHLINE,**

**Defendants;**

**FIRST AMERICAN MORTGAGE FUNDING, LLC;**

**Third-Party Plaintiff,**

**vs.**

**STEWART TITLE OF CALIFORNIA, INC.;
ORANGE COAST TITLE COMPANY;
LAWYER'S TITLE COMPANY;
TERRY ANDERSON;
LINDA ANDERSON;
BRIAN L. BARKER;
SHARLENE P. BENTLEY;
GERALD CARLEO;
SHARON CARLEO;
GLORIA DIXON;
ROBIN FREESTONE;
MARGARET FREESTONE;
SHILOH GRIFFITHS;
DONALD GRUBB;
SHARON GRUBB;
DAVID P. GUZY;
TERRANCE HAFLER;**

**DONNA HAFLER;**
**RUSSELL E. HARDIMAN;**
**CHARLES HESS;**
**BARBARA HESS;**
**KENNETH INGRAM;**
**SIMON KROON;**
**JOANNA KROON;**
**JOHN LAING;**
**SUSAN LAING;**
**TRACY LARSEN;**
**THOMAS MITCHELL;**
**LOUISE HAYDEN a/k/a LOUISE MITCHELL;**
**DENNY NELSON;**
**PETER PASO;**
**JULIE PASO;**
**JAMES PHILLIPS;**
**JOANN PHILLIPS;**
**DOUG RANGLACK;**
**LOUIS SASSALI;**
**DEBORAH SASSALI;**
**ERWIN SCHMERLING;**
**JOANN MARGULIES SMITH-SUGGS;**
**SHELIAH A. WILLIAMS;**
**BENJAMIN WONG; and**
**PUA'ALA WONG;**

**Third-Party Defendants.**

---

## THIRD-PARTY COMPLAINT, CROSS CLAIMS, AND COUNTERCLAIMS

---

First American Mortgage Funding, LLC, by its attorneys, Bloom Murr & Accomazzo, P.C., submits its third-party complaint as follows:

## THIRD-PARTY DEFENDANTS

1. Upon information and belief, Lawyer's Title Company ("Lawyer's Title") is a California limited liability company with its principal place of business located at 74890 Highway 111 Suite B, Indian Wells, CA 92210.

2. Upon information and belief, Stewart Title of California, Inc. ("Stewart") is a California corporation with its principal place of business located at 78-575 Highway 111 #300, La Quinta, CA 92253.

3. Upon information and belief, Orange Coast Title Company ("Orange Coast") is a California limited liability company with its principal place of business located at 1955 Hunts Lane, 2nd Floor, San Bernardino, CA 92408.

4. Lawyer's Title, Stewart, and Orange Coast are hereinafter collectively referred to as the "Title Companies."

5. The following individuals (collectively, the "Borrowers") executed construction loan applications, which were approved and funded by New Horizons Community Credit Union ("New Horizons"):

a. Terry and Linda Anderson, 402 E 29th St, South Sioux City, NE 68776;

b. Brian L. Barker, 1308 Colonel Rd., Salt Lake City, UT 84116;

c. Sharlene P. Bentley, 1170 Eaglewood Loop N. Salt Lake, UT 84054;

d. Gerald and Sharon Carleo, 24 Alta Loma Dr., Pueblo, CO 81005;

e. Gloria Dixon, 66613 San Luis Rd., Desert Hot Springs, CA 92240;

f. Robin and Margaret Freestone, 3352 60th Avenue, Colfax, WI 54730;

g. Shiloh Griffiths, 5755 W. Cape Vista Way, Salt Lake City, UT;

h. Donald and Sharon Grubb, 11356 E. Medina Avenue, Mesa, AZ 85212;

i. David Paul Guzy, 12507 Woodbine St., Apt. 305, Los Angeles, CA 90066;

j. Terrance and Donna Hafler, 301 Bare Hill Rd., Rushville, NY 14544;

k. Russell E. Hardiman,, 454 Orchard Ave., Apt. 1, Bellevue, PA 15202;

l. Charles and Barbara Hess, 213 E. Green Bay St., Bonduel, WI 54107;

m. Kenneth Ingram, 1362 Charles St.; North Providence, RI;

n. Simon and Joanna Kroon, 1408 Marquette St., Oceanside, CA 92058;

o. John and Susan Laing, 245 N. Vine St., Apt. 201N, Salt Lake City, UT 84103;

p. Tracy Larsen, 6545 S. Glen View Cir., West Jordan, UT;

q. Thomas Mitchell and Louise Hayden a/k/a Louise Mitchell, 7 Shamrock Ln, Salmon, ID 83467;

r. Denny Nelson, 80060 Kingston Dr., Bermuda Dunes, CA 92203;

s. Peter and Julie Paso, 1125 Peale Avenue, Park Ridge, IL 60068;

t. James and Joann Phillips, 113 Springfield Dr., West Monroe, LA 71291;

u. Doug Ranglack, 5829 S 4310 W 4310, Kearns, UT 84118;

v. Louis and Deborah Sassali, 6435 Ral Mar Rd, Rockford, IL 61109;

w. Erwin Schmerling, 2101 Wind Ln, Wilmington, DE 19810;

x. Joann Margulies Smith-Suggs, 1112 Paine Ct., Raleigh, NC;

y. Sheliah A. Williams, 4013 Memory Ln, Raleigh, NC 27604;

z. Benjamin and Pua'ala Wong, 829 Mokulua Dr., Kailua, HI 96734;

**JURISDICTION**

6. This court has supplemental jurisdiction over these third-party claims pursuant to 28 U.S.C.A. § 1367(a) because this court has subject matter jurisdiction over plaintiff's claims pursuant to 18 U.S.C.A. § 1961, *et seq*. and 28 U.S.C.A. § 1331.

7. Venue is proper in this court pursuant to 28 USCA § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

**GENERAL ALLEGATIONS**

8. Defendant and third-party plaintiff, First American Mortgage Funding, LLC ("FAM"), is a Colorado limited liability company which entered into a Funding and Servicing Agreement ("FSA") with New Horizons Community Credit Union ("New Horizons") on or

about August 1, 2003.

9. Plaintiff, Security Service Federal Credit Union ("SSFCU"), is a Texas financial institution, which purports to be the successor in interest to New Horizons.

10. In connection with the FSA, the Borrowers prepared and submitted construction loan applications to FAM, which were approved by New Horizons.

11. After approving the construction loan applications, New Horizons made loans to the Borrowers for the construction of residential homes (the "Construction Loans").

12. In connection with the Construction Loans made by New Horizons, the Title Companies conducted loan closings for FAM (the "Closings").

13. Pursuant to their contracts with FAM, the Title Companies were responsible for compliance with all closing instructions from FAM.

14. Plaintiff is seeking damages against FAM for, *inter alia*, acts or omissions that are alleged to have occurred in connection with the Constructions Loans and the Closings.

15. As discussed further below, the Title Companies and the Borrowers may be liable to FAM for all or part of the plaintiff's claims against FAM.

**FIRST THIRD-PARTY CLAIM FOR RELIEF**
**(Negligence-Title Companies)**

16. FAM incorporates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. The Title Companies owed FAM a duty, over and above their contractual duties, to perform the Closings in a reasonable and prudent manner without negligence.

18. To the extent the allegations made by plaintiff are true, which FAM denies, the Title Companies have breached their duties to FAM by not following the written closing instructions submitted by FAM.

19. To the extent the allegations made by plaintiff are true, which FAM denies, any and all damages incurred by plaintiff were proximately caused, in whole or in part, by the acts or omissions of the Title Companies.

20. To the extent the allegations made by plaintiff are true, which FAM denies, FAM has suffered and will continue to suffer damages as a direct result of the negligence of the Title Companies.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against the Title Companies for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

**SECOND THIRD-PARTY CLAIM FOR RELIEF**
**(Breach of Contract-Title Companies)**

21. FAM incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. FAM has fully performed its obligations under its respective contracts with the Title Companies and all conditions precedent to the initiation and maintenance of this action have been performed or have occurred. Alternatively, if contingencies have not occurred, the non-occurrence of such contingencies are due to the Title Companies' own failure to exercise reasonable diligence to bring about said contingencies.

23. The Title Companies have breached their contractual obligations to FAM by, among other things, failing or refusing to perform the Closings in compliance with their contracts with FAM and pursuant to FAM's closing instructions.

24. The Title Companies' breach of their respective contracts with FAM have directly and proximately caused FAM to suffer damages, and to incur attorneys' fees and costs.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against each of the Title Companies for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

**THIRD THIRD-PARTY CLAIM FOR RELIEF**
**(Fraudulent Misrepresentation-Borrowers)**

25. FAM incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. To the extent the allegations made by plaintiff are true, which FAM denies, the Borrowers made false representations of a material fact to FAM, knowing those representations to be false. Specifically, the Borrowers misrepresented their assets and/or income on their loan applications and their intended use of the residential homes being constructed.

27. To the extent the allegations made by plaintiff are true, which FAM denies, FAM was ignorant of the falsity of the Borrowers' representations of material fact.

28. To the extent the allegations made by plaintiff are true, which FAM denies, the Borrowers made the false representations of material fact to FAM with the intention that they be acted upon.

29. To the extent that the allegations made in the plaintiff's complaint are true, which FAM denies, FAM relied on the Borrowers' false representations of material fact, which has resulted in damages to FAM.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against the Borrowers for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

**FOURTH THIRD-PARTY CLAIM FOR RELIEF**
**(Aiding and Abetting Breach of Fiduciary Duty-Borrowers)**

30. FAM incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. The Title Companies were retained by FAM to act for its benefit at the Closings and, as such, owed FAM fiduciary duties, over and above their contractual duties, which included, but are not limited to, strict compliance with FAM's closing instructions and to provide FAM with notice of any deviation therefrom.

32. To the extent the allegations made by plaintiff are true, which FAM denies, the Title Companies breached their fiduciary duties to FAM.

33. To the extent the allegations made by plaintiff are true, which FAM denies, the Borrowers knowingly participated in the Title Companies breach of their fiduciary duties.

34. To the extent the allegations made by plaintiff are true, which FAM denies, FAM has suffered and will continue to suffer damages as a direct result of the Borrowers knowing participation in the Title Companies' breach of their fiduciary duties.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against the Borrowers for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

**CROSS CLAIM**

First American Mortgage Funding, LLC, Construction Disbursement Services, Inc. ("CDS"), and Kevin B. Jordan ("Jordan"), by their attorneys, Bloom Murr & Accomazzo, P.C., submit their cross claim as follows:

**CROSS CLAIM**
**(Indemnity/Contribution)**

1. Plaintiff asserts, *inter alia*, that its alleged damages were caused by certain conduct, representations, transactions, and/or omissions made by defendants.

2. If any of the alleged untrue statements of material fact, conduct, or omissions were made, or illegal transactions were entered into by co-defendants, then these acts, omissions, representations, and transactions were made without the knowledge or authorization of FAM, CDS, and Jordan.

3. If any of the alleged untrue statements of material fact were made, or illegal transactions were entered into by co-defendants during the course of their relationship with FAM, CDS, and/or Jordan, if any, such acts and transactions were neither known by, consented to, nor ratified by FAM, CDS, and/or Jordan.

4. If plaintiff has suffered any damages as a consequence of the events complained of, those damages are solely the direct and proximate result of the acts, omissions, representations, and/or transactions of co-defendants.

5. FAM, CDS, and Jordan deny liability to the plaintiff. However, if liability is imposed against FAM, CDS, and/or Jordan and plaintiff also establishes liability against any one, or all, of the co-defendants for the claimed damages, then FAM, CDS, and/or Jordan are entitled to indemnity and/or contribution from co-defendants for either the full amount of any liability and judgment imposed against FAM, CDS, and/or Jordan or for an amount which is equal to the percentage of fault found on the part of the co-defendants for FAM, CDS, and/or Jordan's damages.

WHEREFORE, First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan requests this court to enter judgment in their favor and against the co-defendants, jointly and severally, in amounts to be determined at trial, including,

but not limited to, all amounts awarded to plaintiff against them, reimbursement for any settlement made by any of them with plaintiff, their costs, attorneys' fees, prejudgment or post-judgment interest, and for such other relief as the court deems proper.

**COUNTERCLAIMS**

First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan (collectively the "Counterclaimants"), by their attorneys, Bloom Murr & Accomazzo, P.C., submit their counterclaims as follows:

**FIRST COUNTERCLAIM**
**(Malicious Prosecution)**

1. Plaintiff commenced a legal proceeding against the Counterclaimants when it filed and served its complaint in this matter.

2. In the event the plaintiff fails to establish and/or prevail on the claims it alleges, or any of them, this matter shall be resolved and/or determined in Counterclaimants' favor, or any of them.

3. Upon information and belief, plaintiff lacked probable cause to initiate its claims against the Counterclaimants.

4. Plaintiff's claims against the Counterclaimants are attended by the presence of malice and Counterclaimants have been damaged by plaintiff's commencement of this legal proceeding.

WHEREFORE, First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan request this court to enter judgment in their favor and against plaintiff for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

**SECOND COUNTERCLAIM**
**(Breach of Contract)**

5. Counterclaimants incorporate the allegations contained in paragraphs 1 through 4 of their counterclaims as if fully set forth herein.

6. In the event this court determines that plaintiff is the successor in interest to New Horizons, then plaintiff has breached its contractual obligations to FAM by, among other things, failing and refusing to fund the Construction Loans.

7. Plaintiff's breach of the FSA has directly and proximately caused FAM to suffer damages, and to incur attorneys' fees and costs.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against plaintiff for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

**THIRD COUNTERCLAIM**
**(Fraudulent Concealment)**

8. Counterclaimants incorporate the allegations contained in paragraphs 1 through 7 of their counterclaims as if fully set forth herein.

9. Plaintiff and New Horizons concealed material existing facts that in equity and good conscience should have been disclosed to FAM. Specifically, plaintiff and/or New Horizons concealed the facts learned, conclusions, and/or opinions of an independent expert, which they retained to review the Construction Loans and all information obtained in connection with that expert's investigation.

10. Plaintiff and New Horizons knew, or should have known, that the material existing facts were being concealed.

11. FAM was ignorant of the material existing facts that were concealed by plaintiff and/or New Horizons.

12. Plaintiff and New Horizons intended that their concealment of material existing facts be acted upon, which resulted in damages to FAM.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against plaintiff for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

## FOURTH COUNTERCLAIM
## (Fraudulent Misrepresentation)

13. Counterclaimants incorporate the allegations contained in paragraphs 1 through 12 of their counterclaims as if fully set forth herein.

14. Plaintiff and New Horizons made false representations of material fact to FAM, knowing their representations to be false. Specifically, plaintiff and New Horizons misrepresented the findings, conclusions, and/or opinions of the independent expert they retained to review the Construction Loans.

15. FAM was ignorant of the falsity of plaintiff's and New Horizon's misrepresentations.

16. Plaintiff and New Horizons intended that FAM would act upon their false representations of material fact.

17. FAM relied upon plaintiff's and New Horizon's misrepresenations, which resulted in damages to FAM.

WHEREFORE, First American Mortgage Funding, LLC requests this court to enter judgment in its favor and against plaintiff for damages in an amount to be determined at trial plus accrued interest, costs, and such other relief as the court deems proper.

Dated this 15th day of January, 2009.

*Duly signed original on file at the offices of Bloom Murr & Accomazzo, P.C.*

BLOOM MURR & ACCOMAZZO, P.C.
*/s/ Martin A. Bloom*
Martin A. Bloom, Reg. No. 13153
Jason A. Forman, Reg. No. 36302
410 17th Street, Suite 2400
Denver, Colorado 80202
(303) 534-2277

*Attorneys for First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2009, a true and correct copy of the foregoing FIRST AMERICAN MORTGAGE FUNDING, LLC'S THIRD-PARTY COMPLAINT, CROSS CLAIMS, AND COUNTERCLAIMS was filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

Gregory M. O'Boyle, Esq.
Mulliken Weiner Karsh Berg & Jolivet, P.C.
102 South Tejon Street, Suite 900
Colorado Springs, CO 80903
(719) 635-8750
*Attorneys for plaintiff Security Service Federal Credit Union*

Gregory E. Goldberg, Esq.
Craig Stewart, Esq.
Holland & Hart LLP
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8099
*Attorneys for Defendants, Kenneth E. North, New Century Builders, Inc., Sundance Mortgage, LLC, and the Artisan Group, LLC d/b/a Artisan Development Group*

Kirk Gilger
Gliger Homes
271 Golden Harvest Road
Draper, UT 84020
*Pro se*

*/s/ Jenny Bulmer*