IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.

Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., et al.

Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.

Cross-claim Plaintiffs,

v.

FIRST AMERICAN MORTGAGE, INC., et al.

Cross-claim Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.

Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

Counterclaim Defendant.

# ORDER

THIS MATTER comes before the Court on "Plaintiff Security Service Federal Credit Union's Motion to Dismiss First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan's Malicious Prosecution and Fruad [sic] Counterclaims" [doc. #93], filed February 10, 2009.  Therein, Plaintiff Security Service Federal Credit Union asks the Court to dismiss the First, Third, and Fourth Counterclaims for malicious prosecution, fraudulent concealment, and fraudulent misrepresentation, respectively, brought by Defendants/Counterclaimants First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan [hereinafter "FAM Defendants"] on January 20, 2009.  FAM Defendants filed a response on March 25, 2009, and Plaintiff replied on April 6, 2009.  For the reasons stated herein, I the Motion is granted.

## A. BACKGROUND

On January 20, 2009, FAM Defendants filed their "Third-Party Complaint, Cross Claims, and Counterclaims" [doc. #83].  Therein, they allege that on or about August 1, 2003, Plaintiff and FAM Defendants entered into a Funding and Service Agreement providing that FAM Defendants would originate, close, service, and administer certain construction loans funded by Plaintiff.  (Third-Party Compl. 4.)  Twenty-six of these construction loans are the subject of the instant action, in which Plaintiff alleges FAM Defendants procured these loans by fraud.  (Third-Party Compl. 11-12.)  FAM Defendants plead four counterclaims, three of which are presently at issue.

In their First Counterclaim for malicious prosecution, FAM Defendants allege that Plaintiff initiated its complaint against them with malicious intent that resulted in harm. (Third Party Compl. 10.)  In their Third Counterclaim for fraudulent concealment, FAM Defendants allege that Plaintiff and New Horizons Community Credit Union ("New Horizons") concealed material facts during their business interaction that harmed FAM Defendants.  Specifically, FAM Defendants allege:

> 9. Plaintiff and New Horizons concealed material existing facts that in equity and good conscience should have been disclosed to FAM. Specifically, plaintiff and/or New Horizons concealed the facts learned, conclusions, and/or opinions of an independent expert, which they retained to review the Construction Loans and all information obtained in connection with that expert's investigation.
> 10. Plaintiff and New Horizons knew, or should have known, that the material existing facts were being concealed.
> 11. FAM was ignorant of the material existing facts that were concealed by plaintiff and/or New Horizons.
> 12. Plaintiff and New Horizons intended that their concealment of material existing facts be acted upon, which resulted in damages to FAM.

(Third Party Compl. 11-12.)

In their Fourth Counterclaim for fraudulent misrepresentation, FAM Defendants allege that Plaintiff and New Horizons knowingly made false representations of material fact that resulted in harm to FAM Defendants.  Specifically, FAM Defendants allege:

> 14. Plaintiff and New Horizons made false representations of material fact to FAM, knowing their representations to be false. Specifically, plaintiff and New Horizons misrepresented the findings, conclusions, and/or opinions of the independent expert they retained to review the Construction Loans.
> 15. FAM was ignorant of the falsity of plaintiff's and New Horizon's misrepresentations.
> 16. Plaintiff and New Horizons intended that FAM would act upon their false representations of material fact.
> 17. FAM relied upon plaintiff's and New Horizon's mispresenations [sic], which resulted in damages to FAM.

(Third Party Compl. 12.)

**B. ANALYSIS**

    **1. Malicious Prosecution**

Plaintiff asks the Court to dismiss FAM Defendants' First Counterclaim for malicious prosecution pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court "assumes the truth of the plaintiff's well-pleaded factual allegations and view[s] them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, a pleading offering "a formulaic recitation of the elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Ashcroft v. Iqbal*, ___ U.S. ____, 128 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must ultimately "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Under Colorado law, "[t]he elements for malicious prosecution are: (1) the defendant [here Plaintiff] contributed to bringing a prior action against the plaintiff [here FAM Defendants]; (2) the prior action ended in favor of the plaintiff [here FAM Defendants]; (3) no probable cause; (4) malice; and (5) damages." *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004). FAM Defendants' First Counterclaim does not facially satisfy the first and second elements of a claim for malicious prosecution.

First, Plaintiff has not brought a "prior action" against FAM Defendants; second, no action has ended in favor of FAM Defendants.

To refute these points, FAM Defendants invoke Federal Rule of Civil Procedure 18(b) in an attempt to join their malicious prosecution counterclaim with their other counterclaims. Rule 18(b) provides:

> A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.

Plaintiff asserts that FAM Defendants' invocation of Rule 18(b) to join their malicious prosecution claim oversteps the rule's intended purpose. I agree. Though Rule 18(b) has been used to join claims for monetary damages and fraudulent conveyance, I have found no case from this or any other circuit in which the rule has been extended to claims for malicious prosecution. Thus, I decline to extend Rule 18(b) here and will dismiss the malicious prosecution counterclaim pursuant to Rule 12(b)(6). However, the dismissal will be without prejudice, as my ruling does not preclude FAM Defendants from asserting a malicious prosecution claim if the essential elements of the claim ever materialize.

### 2. Fraudulent Concealment and Fraudulent Misrepresentation

Plaintiff urges dismissal of FAM Defendants' fraud counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Because Rule 9(b) imposes a more stringent standard than the Rule 12(b)(6) standard articulated above, I will confine my analysis to the former. Rule 9(b) provides, "In alleging fraud or mistake, a party must

state with particularity the circumstances constituting fraud or mistake." The Tenth Circuit has ruled that particularity under Rule 9(b) "requires that a complaint set forth the identity of the party making the false statements, that is, which statements were allegedly made by whom." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997). Such detail provides "notice to the defendants of the fraudulent statements for which they are alleged to be responsible." *Id.*

Rule 9(b) does not require that a pleading include "detailed evidentiary matter as to why particular defendants are responsible for particular statements, or that the allegations be factually or legally valid." *Id.* However, it does require that a "plaintiff prove the circumstances of the fraud." *Gardner v. Investors Diversified Capital, Inc.*, 805 F.Supp. 874, 876 (D. Colo. 1992). To meet the Rule 9(b) standard, FAM Defendants "must identify the circumstances constituting the fraud," including "the particular defendants with whom the plaintiff dealt; designation of the occasions on which fraudulent statements were made, and by whom; and designation of the occasions on which fraudulent statements were made and how." *Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1463 (D. Colo. 1994) (quotation marks omitted).

In their Third Counterclaim for fraudulent concealment, FAM Defendants allege that Plaintiff and New Horizons concealed material facts, conclusions, and/or opinions of an independent expert retained to review construction loans. In their Fourth Counterclaim for fraudulent misrepresentation, FAM Defendants similarly allege that Plaintiff and New Horizons made false representations of material fact regarding the independent expert's conclusions and/or opinions. Neither claim specifically identifies

the time, place, or contents of the alleged fraud, nor who perpetuated it.  *See Galvin v. McCarthy*, 545 F.Supp.2d 1176, 1185 (D. Colo. 2008).  With nothing more, FAM Defendants' fraudulent concealment and fraudulent misrepresentation counterclaims lack the requisite detail to satisfy Rule 9(b).

FAM Defendants essentially admit that these claims are insufficient to meet the Rule 9(b) standard because they fail to specify whether Plaintiff or New Horizons hired the independent expert to review loans, or when the independent expert was hired.  In light of this deficiency, in their response FAM Defendants request leave to amend their claims to include detailed information obtainable from Plaintiff.

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  However, a court "need not grant leave to amend when a party fails to file a formal motion."  *Calderon v. Kan. Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).  This Court's local rule similarly provides, "A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."  D.C.COLO.LCivR 7.1(C).  Because FAM Defendants have not submitted a motion, I will not grant them leave to amend their complaint.  I find that their claims for fraudulent concealment and fraudulent misrepresentation do not satisfy the Rule 9(b) pleading standard and must be dismissed.

**C. CONCLUSION**

Based upon the foregoing, it is hereby

ORDERED that "Plaintiff Security Service Federal Credit Union's Motion to Dismiss First American Mortgage Funding, LLC, Construction Disbursement Services, Inc., and Kevin B. Jordan's Malicious Prosecution and Fruad [sic] Counterclaims [doc. #93], filed February 10, 2009, is **GRANTED**.  In accordance therewith, it is

ORDERED that FAM Defendants' First Counterclaim for malicious prosecution is **DISMISSED WITHOUT PREJUDICE**.  It is

FURTHER ORDERED that FAM Defendants' Third Counterclaims for fraudulent concealment and Fourth Counterclaim for fraudulent misrepresentation are **DISMISSED WITH PREJUDICE**.

Dated:  September 28, 2009

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge