IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., *et al.*

Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Cross-claim Plaintiffs,

v.

FIRST AMERICAN MORTGAGE, INC., *et al.*

Cross-claim Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

Counterclaim Defendant.

## ORDER

THIS MATTER comes before me on Third-Party Defendants Benjamin Wong and Pua'ala Wong's Motion (1) to Dismiss for Lack of Personal Jurisdiction and to Quash Service of Process; and Alternatively, (2) to Dismiss Fraud Claim for Failure to State Facts With Sufficient Particularity; and (3) to Sever and to Bifurcate Third-Party Complaint filed July 27, 2009 [d/e 200]. I have also reviewed Third Party Plaintiff's Response to that motion [d/e 237] as well as the Third-Party Defendants' Reply [d/e 259]. Having considered the parties' pleadings and arguments, as well as the applicable authorities, I find that Third Party Defendants' motion should be granted in part and denied in part as set forth below, and the Complaint should be dismissed as to these Defendants for lack of personal jurisdiction.

**I.    BACKGROUND**

On January 20, 2009, Third Party Plaintiff, First American Mortgage Funding, LLC (hereinafter referred to as "FAM" or "Plaintiff"), filed its "Third-Party Complaint, Cross Claims, and Counterclaims" [d/e 83]. FAM allegedly entered into a Funding and Service Agreement ("FSA") with New Horizon Community Credit Union ("New Horizon") in August 2003. (FAM Compl., ¶8, p.4 [d/e 83]). In connection with the FSA, Third-Party Defendants, including Benjamin Wong and Pua'ala Wong (hereinafter referred to as "Defendants Wong" or "Defendants") allegedly prepared and submitted construction loan applications to FAM that were approved by New Horizon. (*Id.* at ¶10, p.5). New Horizon, a Colorado based business, approved and made loans to Defendants for the construction of a home. (*Id.* at

¶11). In the underlying case herein, New Horizon's successor in interest, Security Service Federal Credit Union ("SSFCU"), is seeking damages against FAM for acts and omissions that were alleged to have occurred in connection with the construction loans and the closings of those loans. (*Id.* at ¶¶ 9, 14). Should FAM be found liable to SSFCU in the underlying case, the Defendants may be liable for all or part of SSFCU's claims against FAM.

FAM has pled two claims for relief against Defendants - a claim for fraudulent representation and a claim for "aiding and abetting breach of fiduciary duty." (FAM Compl., ¶¶25-29 and 30-34 [d/e 83]). FAM alleges in the fraudulent representation claim that Defendants "made false representations of fact to FAM". Specifically, FAM alleged that Defendants misrepresented their assets/income on their residential loan applications and misrepresented their intended use of the residential homes. (*Id.* at ¶26). With respect to the aiding and abetting count, FAM alleges that certain title companies retained by FAM owed FAM a fiduciary duty, including the strict compliance with FAM's closing instructions. (*Id.* at ¶31). FAM alleges that Defendants knowingly participated in the title companies' breach of those fiduciary duties. (*Id.* at ¶33).

Defendants have filed a motion to dismiss the third-party claims arguing that this Court does not have personal jurisdiction over them. (*See, e.g.,* Def.'s Mot., pp. 3-9 [d/e 200]). Defendants argue that they are Hawaii residents and have never conducted business, owned property or had any contact with the State of Colorado. (*Id.* at 3, Wongs Decl., ¶¶1-6 [d/e 200, 200-2, 200-3]). Because they have no contacts with Colorado, and because they have not purposely directed their activities toward Colorado, Defendants submit that personal jurisdiction is lacking here.

## II.  LEGAL STANDARD

Federal Rule of civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). To satisfy this burden, Plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction.[1] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). This Court will take as true all well-pled (*i.e.*, plausible, non-conclusory, and non-speculative, *see Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)), facts alleged in the Plaintiff's Complaint. Similarly, any factual disputes in the parties' affidavits must be resolved in Plaintiff's favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

The personal jurisdiction of this Court depends on Colorado's long-arm statute and the overarching constraints of due process. *Dudnikov*, 514 F.3d at 1070; FED. R. CIV. P. 4(k)(1)(A). Because the Colorado long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause, I may proceed directly to the constitutional analysis. *Id.; Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks

---

[1] The Plaintiff need only make a *prima facie* showing here because there has been no evidentiary hearing, and the motion to dismiss will be decided on the basis of affidavits and other written materials. *Wenz*, 55 F.3d at 1505.

omitted). There are two ways such contacts can satisfy due process:

> First, if a defendant has "continuous and systematic general business contacts" with the forum state, it may be subjected to the general jurisdiction of the forum state's courts. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984)...
>
> Second, even in the absence of "continuous and systematic" contacts, a state's courts may exercise specific jurisdiction over a defendant that "purposefully directed" its activities at the state's residents, if the cause of action arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

*Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1066 (10th Cir. 2007) (parallel citations omitted). The plaintiff bears the burden of demonstrating sufficient minimum contacts, but once that is done, "it is incumbent on defendants to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Dudnikov*, 514 F.3d at 1080 (internal quotation omitted).

### III.  LEGAL ANALYSIS

Defendants argue that the circumstances giving rise to the complaint against them, the application and approval for a loan, have almost no connection to Colorado whatsoever. Defendants applied for the loan over the telephone from Hawaii. (Def.'s Mot. p. 7). The loan application was taken by Kenny North in Utah, who was employed by Aspen Home Loans of Utah. (Def.'s Mot. p. 3, 7). Defendants argue that although the loan approval and servicing were completed by Colorado entities, Defendants never requested or knew that these companies were involved. (*Id.* at 8). Plaintiff maintains that there is no dispute that Defendants submitted a loan application, obtained a loan from a Colorado entity and were obligated to make payments in Colorado on the Note. (Pl.'s Resp., p. 5). Further, Plaintiff

argues that Defendants expressly directed their tortious actions at Colorado. Plaintiff argues that this Court has both general and specific jurisdiction over its claims against Defendants.

### A. GENERAL JURISDICTION

I disagree with FAM's suggestion that this Court has general jurisdiction over its claims against Defendants. It is undisputed that Defendants are residents of Hawaii who have never conducted business or owned property in Colorado. Moreover, they never entered Colorado or initiated contact with a Colorado entity in connection with the loan at issue here. FAM makes much of the fact that Defendants obtained a loan from a Colorado business and were obligated to make monthly payments on the promissory note to a Colorado business. The note, much like the loan application itself was signed by Defendants in Hawaii. Entering one contract with a Colorado entity that required payments in Colorado simply fails to rise to the level of systematic and continuos contacts required to confer general jurisdiction. *See Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir.1996) (the threshold of contacts necessary to support general jurisdiction is high). To hold otherwise would result in Colorado's long-arm statute reaching every contract with a Colorado resident. This is not and could not possibly be the law. *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F.Supp.2d 1250, 1255 (D.Colo. 2000)("The law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum.")

Moreover, FAM's reliance on authorities discussing specific jurisdiction offers no support to its claim that general jurisdiction exists here. (*See* Pl.'s Mot., p. 5 (*citing Clyne*

*v. Walters*, 2009 U.S. Dist LEXIS 16826 (D. Colo. Jan. 27, 2009)). "Because general jurisdiction is not related to events giving rise to the suit, courts impose a more stringent minimum contacts test..." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004). Even in the light most favorable to FAM, the Defendants' contacts alleged here do not meet the threshold necessary to support general jurisdiction. *See Trierweiler*, 90 F.3d at 1544 (finding no general jurisdiction when defendant: (1) owned a joint bank account in Colorado; (2) belonged to the Tenth Circuit bar; (3) had lived in Colorado for four years prior to the events at issue; (4) owned property in Colorado; (5) was a limited partner in a Colorado partnership prior to the events at issue; (6) was a member of an advisory board of a Colorado corporation; (7) often traveled to Colorado; and (8) engaged in "relatively small amounts of business" in Colorado).

### B. SPECIFIC JURISDICTION

FAM also argues that Defendants subjected themselves to Colorado jurisdiction by committing a tort that injured FAM in Colorado. Specifically, FAM alleged that Defendants misrepresented their assets and income on the loan application and misrepresented the intended use of the home. In Colorado, minimum contacts are sufficient to confer specific jurisdiction when: "(1) tortious conduct occurs in Colorado; or (2) tortious conduct initiated in another state causes injury in Colorado." *Nat'l Union Fire Ins. Co. v. Kozeny*, 115 F.Supp.2d 1231, 1236 (D. Colo. 2000); COLO. REV. STAT. § 13-1-124(1)(a) (2006). "Not all alleged 'injuries' that result from tortious conduct in a foreign state will trigger long-arm jurisdiction." *Wenz*, 55 F.3d at 1507-08. The injury itself must be felt in Colorado, and must be "direct, not consequential or remote." *Id.* at 1508.

First, it does not even appear that FAM has argued that Defendants' tort of fraudulent misrepresentation occurred in Colorado. But even if FAM had made such an argument, torts based on fraudulent misrepresentations of fact are deemed to occur in the state in which the misrepresentation was received. *Broadview Fin. v. Entech Mgmt. Servs. Corp.*, 859 F.Supp. 444, 448 (D. Colo. 1994). Defendants' affidavits demonstrate that the allegedly fraudulent misrepresentations were initiated by telephone from Hawaii and received in Utah. (Def.'s Mot. p. 3, 7, Decl., ¶¶1-6 [d/e 200, 200-2, 200-3])). Thus, it appears that FAM's fraudulent misrepresentation claims are based on the actual content of communications that Defendant purposefully directed toward a Utah company in Utah. FAM failed to contradict this evidence and only offered the argument of its counsel that the loan application was "reviewed and approved" in Colorado. (Pl.'s Mot., p. 4). FAM's Complaint was also silent on this issue and Plaintiff failed to provide any documents or affidavits to support the claims of its attorney. Thus, FAM has failed to meet its showing at this preliminary stage that the tort of fraudulent misrepresentation occurred in Colorado.

Finally, to the extent that it's alleged that Defendants' acts have caused harm to Plaintiff in Colorado, FAM has failed to allege sufficient facts to survive the motion to dismiss. Although I recognize that the FAM's burden is light at this stage of the proceeding, a plaintiff is still required to make a *prima facie* showing. FAM has failed to meet that burden here. First, FAM has failed to even allege the existence of harm at the present time. Rather, FAM has alleged that it might be harmed if SSFCU prevails in the underling case. Moreover, FAM will be harmed in Colorado "only as a result of the fortuitous circumstances that [a party] maintained its headquarters" in Colorado. *GCI 1985-1 Ltd. v.*

*Murray Prop. P'ship of Dallas*, 770 F.Supp. 585, 590 (D. Colo. 1991). This is not the type of injury that results from out-of-state tortious conduct that will trigger long-arm jurisdiction. *Wenz*, 55 F.3d at 1508 (the injury in Colorado "must be direct, not consequential and remote.")(citations omitted). On this record, that FAM resides in Colorado and *might* suffer economic harm in Colorado is insufficient to confer jurisdiction on this Court. *GCI 1985-1 Ltd.*, 770 F.Supp. at 590 ("loss of profits in the state of plaintiff's domicile is insufficient to sustain long-arm jurisdiction over a nonresident defendant"). Based on the foregoing, I find that FAM has failed to meet its *prima facie* burden of showing Defendants engaged in tortious conduct sufficient to confer specific jurisdiction, and Defendants' motion to dismiss for lack of personal jurisdiction is therefore **GRANTED.**[2]

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Third-Party Defendants Benjamin Wong and Pua'ala Wong's Motion (1) to Dismiss for Lack of Personal Jurisdiction and to Quash Service of Process; and Alternatively, (2) to Dismiss Fraud Claim for Failure to State Facts With Sufficient Particularity; and (3) to Sever and to Bifurcate Third-Party Complaint filed July 27, 2009 [d/e 200] is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** to the extent Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(2) for lack of

---

[2] Since my ruling on this issue results in dismissal of the Complaint against Defendants, the remaining aspects of the motion are denied as moot.

personal jurisdiction.  The motion is **DENIED AS MOOT** in all other respects.

Dated:  March 29, 2010

BY THE COURT:

**s/ Wiley Y. Daniel**
Wiley Y. Daniel
Chief United States District Judge