IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., *et al.*

Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Cross-claim Plaintiffs,

v.

FIRST AMERICAN MORTGAGE, INC., *et al.*

Cross-claim Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

Counterclaim Defendant.

## ORDER

THIS MATTER comes before me on Third-Party Defendant Shiloh Griffiths' Motion to Dismiss for Lack of Personal Jurisdiction filed June 23, 2009 [d/e 156] and Third-Party Defendant Erwin Schmerling's Motion to Dismiss for Lack of Personal Jurisdiction filed August 4, 2009 [d/e 205]. I have also reviewed Third Party Plaintiff's Responses to those motions [d/e 239 and 238] as well as the Third-Party Defendants' Replies thereto [d/e 283 and 260]. Having considered the parties' pleadings and arguments, as well as the applicable authorities, I find that Third Party Defendants' motions should be **GRANTED**.[1]

## I. BACKGROUND

On January 20, 2009, Third Party Plaintiff, First American Mortgage Funding, LLC (hereinafter referred to as "FAM" or "Plaintiff"), filed its "Third-Party Complaint, Cross Claims, and Counterclaims" [d/e 83]. FAM allegedly entered into a Funding and Service Agreement ("FSA") with New Horizon Community Credit Union ("New Horizon") in August 2003. (FAM Compl., ¶8, p.4 [d/e 83]). In connection with the FSA, Third-Party Defendants, including Shiloh Griffiths and Erwin Schmerling (hereinafter referred to as individually as "Defendant Griffiths" or "Defendant Schmerling" and/or collectively as "Defendants") allegedly prepared and submitted construction loan applications to FAM that were approved by New Horizon. (*Id.* at ¶10, p.5). New Horizon, a Colorado based business, approved and made loans to Defendants for the construction of residential homes. (*Id.* at ¶11). In

---

[1]As a result of my findings herein, Third-Party Defendant Erwin Schmerling's Motion for Summary Judgment filed August 4, 2009 [d/e 206], Motion to dismiss for Failure to Plead Fraud with Particularity filed August 4, 2009 [d/e 207] and Motion to Sever and Stay Third-Party Claims filed August 4, 2009 [d/e 208] are **DENIED AS MOOT**.

the underlying case herein, New Horizon's successor in interest, Security Service Federal Credit Union ("SSFCU"), is seeking damages against FAM for acts and omissions that were alleged to have occurred in connection with the construction loans and the closings of those loans. (*Id.* at ¶¶ 9, 14). Should FAM be found liable to SSFCU in the underlying case, the Defendants may be liable for all or part of SSFCU's claims against FAM.

FAM has pled two claims for relief against Defendants - a claim for fraudulent representation and a claim for "aiding and abetting breach of fiduciary duty." (FAM Compl., ¶¶25-29 and 30-34 [d/e 83]). FAM alleges in the fraudulent representation claim that Defendants "made false representations of fact to FAM". Specifically, FAM alleged that Defendants misrepresented their assets/income on their residential loan applications and misrepresented their intended use of the residential homes. (*Id.* at ¶26). With respect to the aiding and abetting count, FAM alleges that certain title companies retained by FAM owed FAM a fiduciary duty, including the strict compliance with FAM's closing instructions. (*Id.* at ¶31). FAM alleges that Defendants knowingly participated in the title companies' breach of those fiduciary duties. (*Id.* at ¶33).

Defendants have both filed motions to dismiss these third-party claims arguing that this Court does not have personal jurisdiction over them. (*See, e.g.,* Def.'s Mot., p. 3-4 [d/e 205]). Defendant Schmerling argues that he is a Delaware resident and has never conducted business, owned property or had any contact with the State of Colorado. Defendant Griffiths argues that he is a Utah resident and has no contacts with Colorado. Both Defendants submit that the homes for which they allegedly obtained construction loans were to be built in California, not Colorado. Because they have no contacts with Colorado, and because they have not purposely directed their activities toward Colorado,

Defendants submit that personal jurisdiction is lacking here.

## II.  LEGAL STANDARD

Federal Rule of civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). To satisfy this burden, Plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction.[2] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). This Court will take as true all well-pled (*i.e.*, plausible, non-conclusory, and non-speculative, *see Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)) facts alleged in the Plaintiff's Complaint. Similarly, any factual disputes in the parties' affidavits must be resolved in Plaintiff's favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

The personal jurisdiction of this Court depends on Colorado's long-arm statute and the overarching constraints of due process. *Dudnikov*, 514 F.3d at 1070; FED. R. CIV. P. 4(k)(1)(A). Because the Colorado long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause, I may proceed directly to the constitutional analysis. *Id.; Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial

---

[2]The Plaintiff need only make a *prima facie* showing here because there has been no evidentiary hearing, and the motion to dismiss will be decided on the basis of affidavits and other written materials.  *Wenz*, 55 F.3d at 1505.

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks

omitted).  There are two ways such contacts can satisfy due process:

> First, if a defendant has "continuous and systematic general
> business contacts" with the forum state, it may be subjected to
> the general jurisdiction of the forum state's courts.
> *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408,
> 414-16 (1984)...
>
> Second, even in the absence of "continuous and systematic"
> contacts, a state's courts may exercise specific jurisdiction over
> a defendant that "purposefully directed" its activities at the
> state's residents, if the cause of action arises out of those
> activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,
> 472-73 (1985).

*Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1066 (10th Cir. 2007) (parallel citations omitted).

The plaintiff bears the burden of demonstrating sufficient minimum contacts, but once that

is done, "it is incumbent on defendants to present a compelling case that the presence of

some other considerations would render jurisdiction unreasonable."  *Dudnikov*, 514 F.3d

at 1080 (internal quotation omitted).

III.     LEGAL ANALYSIS

    A.     DEFENDANT SCHMERLING'S MOTION

Defendant Schmerling argues that the circumstances giving rise to the complaint

against him, the application and approval for a construction loan, have almost no

connection to Colorado whatsoever.  Defendant Schmerling, a Delaware resident, applied

for the loan at issue here by telephone from Delaware.  The loan application was taken by

William Hickey in Utah, who was employed by Aspen Mortgage of San Diego, California.

(Def.'s Mot. p. 6).  Further, the promissory note recites that it was made in California and

the deed of trust encumbers California property.  (*Id.* at pp. 5-6).  Defendant admits,

however, that the lender who ultimately approved the loan, New horizon, was a Colorado financial institution and the note called for monthly loan payments to be made to New Horizon's office in Denver. (*Id.*). FAM maintains that Defendant Schmerling purposefully directed his activities at Colorado by entering into a loan transaction with a Colorado entity that required performance in Colorado. FAM argues that this Court has both general and specific jurisdiction over its claims against Defendant Schmerling.

### i. GENERAL JURISDICTION

With respect to the suggestion that this Court has general jurisdiction over FAM's claims against Defendant Schmerling, I disagree. It is undisputed that Defendant Schmerling is a Delaware resident who has never conducted business or owned property in Colorado, and has only visited the state once many years ago for a vacation. FAM makes much of the fact that Defendant Schmerling was obligated to make monthly payments on the promissory note to a Colorado business. While Defendant has introduced unrebutted evidence that he was never expected to make such payments (Def.'s Mot., p. 11, n.5, Ex. H [d/e 205]), even assuming that he was required to do so, this does not rise to the level of systematic and continuous contacts required to confer general jurisdiction. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir. 1996) (the threshold of contacts necessary to support general jurisdiction is high).

Moreover, FAM's reliance on authorities discussing specific jurisdiction offers no support to its claim that general jurisdiction exists here. (*See* Pl.'s Mot., p. 5 (citing *Clyne v. Walters*, 2009 U.S. Dist LEXIS 16826 (D. Colo. Jan. 27, 2009)). "Because general jurisdiction is not related to events giving rise to the suit, courts impose a more stringent

minimum contacts test..." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004).

Even in the light most favorable to FAM, the contacts alleged here do not meet the

threshold necessary to support general jurisdiction. *See Trierweiler*, 90 F.3d at 1544

(finding no general jurisdiction when defendant: (1) owned a joint bank account in Colorado;

(2) belonged to the Tenth Circuit bar; (3) had lived in Colorado for four years prior to the

events at issue; (4) owned property in Colorado; (5) was a limited partner in a Colorado

partnership prior to the events at issue; (6) was a member of an advisory board of a

Colorado corporation; (7) often traveled to Colorado; and (8) engaged in "relatively small

amounts of business" in Colorado).

### ii. SPECIFIC JURISDICTION

FAM also argues that Defendant Schmerling subjected himself to Colorado

jurisdiction by committing a tort that injured FAM in Colorado. Specifically, FAM alleged

that Defendant Schmerling misrepresented his assets and income on his loan application

and misrepresented the intended use of the California home. In Colorado, minimum

contacts are sufficient to confer specific jurisdiction when: "(1) tortious conduct occurs in

Colorado; or (2) tortious conduct initiated in another state causes injury in Colorado." *Nat'l*

*Union Fire Ins. Co. v. Kozeny*, 115 F.Supp.2d 1231, 1236 (D. Colo. 2000); COLO. REV.

STAT. § 13-1-124(1)(a) (2006). "Not all alleged 'injuries' that result from tortious conduct

in a foreign state will trigger long-arm jurisdiction." *Wenz*, 55 F.3d at 1507-08. The injury

itself must be felt in Colorado, and must be "direct, not consequential or remote." *Id.* at

1508.

First, it does not even appear that FAM has argued that Defendant Schmerling's tort

of fraudulent misrepresentation occurred in Colorado. But even if FAM had made such an argument, torts based on fraudulent misrepresentations of fact are deemed to occur in the state in which the misrepresentation was received. *Broadview Fin. v. Entech Mgmt. Servs. Corp.*, 859 F.Supp. 444, 448 (D. Colo. 1994). Defendant Schmerling has produced documents indicating that the allegedly fraudulent misrepresentations were initiated by telephone from Delaware and received in Utah during the course of completing his loan application. (Def.'s Mot., p. 6, Ex. E, G). Thus, it appears that FAM's fraudulent misrepresentation claims are based on the actual content of communications that Defendant purposefully directed toward a California company in Utah. FAM failed to contradict this evidence and only offered the argument of its counsel that the loan application was "reviewed and approved" in Colorado. (Pl.'s Mot., p. 4). FAM's Complaint was also silent on this issue and FAM failed to provide any documents or affidavits to support the claims of its attorney. Thus, FAM has failed to meet its showing at this preliminary stage that the tort of fraudulent misrepresentation occurred in Colorado.

Finally, to the extent that it's alleged that Defendant Schmerling's acts have caused harm to FAM in Colorado, FAM has failed to allege sufficient facts to survive the motion to dismiss. Although I recognize that the FAM's burden is light at this stage of the proceeding, FAM is still required to make a *prima facie* showing. FAM has failed to meet that burden here. First, FAM has failed to even allege the existence of harm at the present time. Rather, FAM has alleged that it might be harmed if SSFCU prevails in the underling case. Moreover, FAM will be harmed in Colorado "only as a result of the fortuitous circumstances that [a party] maintained its headquarters" in Colorado. *GCI 1985-1 Ltd. v. Murray Prop.*

*P'ship of Dallas*, 770 F.Supp. 585, 590 (D. Colo. 1991). This is not the type of injury that results from out-of-state tortious conduct that will trigger long-arm jurisdiction. *Wenz*, 55 F.3d at 1508 (the injury in Colorado "must be direct, not consequential and remote.")(citations omitted). On this record, that FAM resides in Colorado and *might* suffer economic harm in Colorado is insufficient to confer jurisdiction on this Court. *GCI 1985-1 Ltd.*, 770 F.Supp. at 590 ("loss of profits in the state of plaintiff's domicile is insufficient to sustain long-arm jurisdiction over a nonresident defendant"). Based on the foregoing, I find that FAM has failed to meet its *prima facie* burden of showing Defendant Schmerling engaged in tortious conduct sufficient to confer specific jurisdiction, and Defendant Schmerling's motion is therefore **GRANTED.**[3]

## B. DEFENDANT GRIFFITHS' MOTION

Defendant Griffiths' motion is almost identical to Defendant Schmerling's. Defendant Griffiths is a Utah resident with no contacts with Colorado whatsoever. Defendant Griffiths submitted his loan application for a California property in person to a mortgage broker in Salt Lake City, Utah. (Def.'s Mot., p.2, Griffiths' Decl. ¶¶3-10 [d/e 156]). Accordingly, and for substantially the same reasons as set forth above, which I incorporate herein, FAM has failed to make a *prima facie* showing that this Court has personal jurisdiction over Defendant Griffiths. FAM has failed to allege facts that demonstrate Defendant Griffiths has systematic and continuous contacts with Colorado. FAM has similarly failed to allege facts that Defendant Griffiths' acts occurred in or caused injury in Colorado that would

---

[3]Although FAM failed to discuss the effect of this analysis on its other claim for relief, aiding and abetting breach of fiduciary duty, I find that the analysis *supra* applies with equal force to this claim as well. Defendant provided documents that demonstrate the closing occurred in California. (Def.'s Mot., p. 6, ¶C, Ex. D). Plaintiff failed to rebut this evidence with even an allegation, much less evidence.

confer jurisdiction on this Court. Moreover, FAM has failed to dispute any of the facts proffered by Defendant Griffiths (documentary evidence and deposition testimony). *See, e.g.* Def.'s Mot., pp. 1-3, Ex. A, Griffiths' supp. Decl. [d/e 283]). Thus, Defendant Griffiths' motion to dismiss must also be **GRANTED.**

IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Third-Party Defendant Shiloh Griffiths' Motion to Dismiss for Lack of Personal Jurisdiction filed June 23, 2009 [d/e 156] and Third-Party Defendant Erwin Schmerling's Motion to Dismiss for Lack of Personal Jurisdiction filed August 4, 2009 [d/e 205] are **GRANTED** and the Complaint is hereby **DISMISSED** as to these Defendants for lack of personal jurisdiction. Third-Party Defendant Erwin Schmerling's Motion for Summary Judgment filed August 4, 2009 [d/e 206], Motion to dismiss for Failure to Plead Fraud with Particularity filed August 4, 2009 [d/e 207] and Motion to Sever and Stay Third-Party Claims filed August 4, 2009 [d/e 208] are **DENIED AS MOOT**.

Dated: March 29, 2010

BY THE COURT:

**s/ Wiley Y. Daniel**
Wiley Y. Daniel
Chief United States District Judge