IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., *et al.*

Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Cross-claim Plaintiffs,

v.

FIRST AMERICAN MORTGAGE, INC., *et al.*

Cross-claim Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

Counterclaim Defendant.

## ORDER

THIS MATTER comes before me on Third-Party Defendant Orange Coast Title Company of the Inland Empire's or, in the alternative, Orange Coast Title Company's Consolidated Motion Pursuant to F.R.Civ.P. 12(b)(5) and (6) to Dismiss for Insufficient Service of Process and Failure to State a Claim Upon Which Relief Can Be Granted filed July 27, 2009 [d/e 181]. I have also reviewed Third Party Plaintiff's Response to that motion [d/e 236] as well as the Third-Party Defendant's Reply [d/e 263]. Having considered the parties' pleadings and arguments, as well as the applicable authorities, I find that Third Party Defendant's motion should be granted in part and denied in part.

**I. BACKGROUND**

On January 20, 2009, Third Party Plaintiff, First American Mortgage Funding, LLC (hereinafter referred to as "FAM" or "Plaintiff"), filed their "Third-Party Complaint, Cross Claims, and Counterclaims" [d/e 83]. FAM allegedly entered into a Funding and Service Agreement ("FSA") with New Horizon Community Credit Union ("New Horizon") in August 2003. (FAM Compl., ¶8, p.4 [d/e 83]). In the underlying case herein, New Horizon's successor in interest, Security Service Federal Credit Union ("SSFCU"), is seeking damages against FAM for acts and omissions that were alleged to have occurred in connection with the origination, closing and servicing of certain construction loans. (*Id.* at ¶¶ 9, 14). SSFCU alleges that FAM and others breached the FSA and made a variety of fraudulent representations to facilitate loans funded by New Horizon.

In FAM's Third-Party Complaint, FAM alleges that certain title companies, including

Third-Party Defendant Orange Coast Title Company of the Inland Empire[1] (hereinafter referred to as "Orange Coast"), conducted the closings for FAM and were responsible for complying with FAM's closing instructions. (FAM Compl., ¶¶ 12-13). To the extent FAM is liable to SSFCU in the underlying Complaint, Orange Coast and others may be liable to FAM for all or part of SSFCU's claims against FAM.

FAM has pled two claims for relief against Orange Coast - a claim for negligence and a claim for breach of contract. (FAM Compl., ¶¶17-20 and 22-24 [d/e 83]). FAM alleges in the negligence claim that Orange Coast owed FAM a duty to perform the closings in a reasonable and prudent manner. (*Id.* at ¶¶17-18). FAM alleges that this duty exists over and above the contractual duties between the parties. FAM further alleges that Orange Coast breached this duty by failing to follow the written closing instructions submitted by FAM. (*Id.*) As to the breach of contract claim, FAM claims Orange Coast breached its contractual obligations to FAM by failing or refusing to perform the closings in compliance with the contract with FAM. (*Id.* at ¶23).

Orange Coast moves to dismiss the third-party claims arguing that: (1) FAM did not serve the Third-Party Complaint within 120 days pursuant to FED. R. CIV. P. 4(m)[2]; and (2) failure to state a claim upon which relief can be granted. (*See* Def.'s Mot., pp. 3, 6-9 [d/e 181]). Orange Coast argues that the allegations of the Complaint fail to satisfy FED. R. CIV. P. 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Orange Coast also argues that FAM's

---

[1] Although the Third-Party Complaint incorrectly named "Orange Coast Title Company" instead of "Orange Coast Title Company of the Inland Marine" as the proper party in this matter. Counsel has agreed to stipulate to substitute "Orange Coast Title Company of the Inland Marine" as the defendant.

[2] Because it appears from Orange Coast's Reply brief that this basis for dismissal has been abandoned, and because I do not believe that dismissal is proper on this record under this theory, Orange Coast's motion to dismiss for failing to serve the third-party complaint within 120 days is hereby denied.

negligence claim is barred by Colorado's economic loss rule.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court will "assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009) (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 129 S.Ct. at 1949. In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted).

## III.    LEGAL ANALYSIS

Orange Coast argues that FAM's claim for negligence is "virtually devoid of factual allegations." (Def.'s Mot., p. 6 [d/e 181]). I agree. FAM's third-party complaint provides no notice to Orange County of the factual grounds upon which this claim rests, nor is the complaint sufficiently specific to allow Orange Coast to respond with anything other than a general denial. With respect to the negligence claim, FAM sets forth the conclusory statement that the "Title companies owed FAM a duty, over and above their contractual

duty to perform the closings in a reasonable and prudent manner without negligence." (Compl., ¶17). This type of rote recitation of the elements of negligence, in the form of a legal conclusion, is insufficient under both *Iqbal* and *Twombly*. *See, e.g., Twombly*, 550 at 555 (a complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts are not bound to accept as true a legal conclusion couched as a factual allegation." (quotations omitted)). FAM's complaint fails to contain any facts to enhance the claim that Orange County owed a duty over and above their contractual duty. In fact, FAM's negligence claim is duplicative, and merely a regurgitation, of its breach of contract claim. On this record, I am unable to find that this negligence claim is plausible on its face. *Iqbal*, 129 S.Ct. at 1950 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has merely made an allegation, "but it has not shown that the pleader is entitled to relief")(alteration, quotation marks, and citation omitted). Accordingly, FAM's claim for negligence is dismissed for violating the requirements of Rule 8(a)(2).

With respect to the claim for breach of contract, however, I find that FAM has alleged sufficient factual allegations to comply with Rule 8(a)(2) and survive the Rule 12(b)(6) motion to dismiss. FAM alleged slightly more than the elements of the cause of action. Specifically, FAM alleged that Orange Coast breached the contract by "failing or refusing to perform the Closings in compliance with their contracts with FAM and pursuant to FAM's closing instructions." (Compl., ¶23). Had FAM merely alleged that Orange Coast "failed to perform the contract" the outcome would be different here. FAM, however, pled sufficient facts to slightly "nudge" its breach of contract claim from "conceivable to

plausible" and have therefore survived the motion to dismiss. *Twombly*, 550 U.S. at 570.

Because I have dismissed FAM's negligence claim against Orange Coast, I decline to consider whether the second basis offered in support of dismissing that claim - the Colorado Economic Loss Rule. FAM is advised, however, to carefully consider these arguments if and when FAM recasts its claim for negligence.

IV. **CONCLUSION**

Based on the foregoing, it is

ORDERED that Third-Party Defendant Orange Coast Title Company of the Inland Empire's or, in the alternative, Orange Coast Title Company's Consolidated Motion Pursuant to F.R.Civ.P. 12(b)(5) and (6) to Dismiss for Insufficient Service of Process and Failure to State a Claim Upon Which Relief Can Be Granted filed July 27, 2009 [d/e 181] is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** to the extent Orange Coast seeks dismissal of the "First Third-Party Claim for Relief - Negligence" against it for violating Rule 8(a)(2)'s pleading requirement. The motion is **DENIED** in all other respects.

Dated: March 30, 2010

BY THE COURT:

**s/ Wiley Y. Daniel**
Wiley Y. Daniel
Chief United States District Judge