IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., *et al.*

Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Cross-claim Plaintiffs,

v.

FIRST AMERICAN MORTGAGE, INC., *et al.*

Cross-claim Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

Counterclaim Defendant.

## ORDER

THIS MATTER comes before me on Third-Party Defendant Stewart Title of California, LLC's Motion to Dismiss Third-Party Plaintiff's Claims and Brief in Support Thereof filed July 27, 2009 [d/e 183]. I have also reviewed Third Party Plaintiff's Response to that motion [d/e 251] as well as Stewart Title's Reply [d/e 287]. Having considered the parties' pleadings and arguments, as well as the applicable authorities, I find that Stewart Title's motion should be granted in part and denied in part as set forth below.

**I.    BACKGROUND**

On January 20, 2009, Third Party Plaintiff, First American Mortgage Funding, LLC (hereinafter referred to as "FAM" or "Plaintiff"), filed their "Third-Party Complaint, Cross Claims, and Counterclaims" [d/e 83]. FAM allegedly entered into a Funding and Service Agreement ("FSA") with New Horizon Community Credit Union ("New Horizon") in August 2003. (FAM Compl., ¶8, p.4 [d/e 83]). In the underlying case herein, New Horizon's successor in interest, Security Service Federal Credit Union ("SSFCU"), is seeking damages against FAM for acts and omissions that were alleged to have occurred in connection with the origination, closing and servicing of certain construction loans. (*Id.* at ¶¶ 9, 14). SSFCU alleges that FAM and others breached the FSA and made a variety of fraudulent representations to facilitate loans funded by New Horizon.

In FAM's Third-Party Complaint, FAM alleges that certain title companies, including Third-Party Defendant Stewart Title of California, LLC's (hereinafter referred to as "Stewart Title"), conducted the closings for FAM and were responsible for complying with FAM's

closing instructions. (FAM Compl., ¶¶ 12-13). To the extent FAM is liable to SSFCU in the underlying Complaint, Stewart Title and others may be liable to FAM for all or part of SSFCU's claims against FAM.

FAM has pled two claims for relief against Stewart Title - a claim for negligence and a claim for breach of contract.[1] (FAM Compl., ¶¶17-20 and 22-24 [d/e 83]). FAM alleges in the negligence claim that Stewart Title owed FAM a duty to perform the closings in a reasonable and prudent manner. (*Id.* at ¶¶17-18). FAM alleges that this duty exists over and above the contractual duties between the parties. FAM further alleges that the Stewart Title breached this duty by failing to follow the written closing instructions submitted by FAM. (*Id.*) As to the breach of contract claim, FAM claims Stewart Title breached its contractual obligations to FAM by failing or refusing to perform the closings in compliance with the contract with FAM. (*Id.* at ¶23).

Stewart Title moves to dismiss the third-party claims arguing that: (1) the Colorado Economic Loss Rule bars the negligence claim; (2) Stewart Title is not a proper party to the breach of contract claim; and (3) FAM can prove no set of facts in support of the breach of contract claim.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court will "assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias*

---

[1] The parties' submissions make clear that only FAM's negligence and breach of contract claims are against Stewart Title. *See, e.g.,* Def.'s Reply, p. 3; Pl.'s Resp., pp. 2-3.

*v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009) (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 129 S.Ct. at 1949. In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted).

### III.    LEGAL ANALYSIS

#### A.    NEGLIGENCE

Although Plaintiff argues for dismissal of the negligence claim based on the Colorado Economic Loss rule, the present posture of the case does not lend itself to a ruling on that issue at this time. Instead, I will construe Stewart Title's attack on the negligence claim as one based on Rule 12(b)(6). As I have found with respect to other third-party defendants, FAM's claim for negligence is virtually devoid of factual allegations. FAM's third-party complaint provides no notice to Stewart Title of the factual grounds upon which this claim rests, nor is the complaint sufficiently specific to allow Stewart Title to respond with anything other than a general denial. With respect to the negligence claim, FAM sets forth the conclusory statement that the "Title companies owed FAM a duty, over and above their contractual duty to perform the closings in a reasonable and prudent manner without negligence." (Compl., ¶17). This type of rote recitation of the elements of negligence, in the form of a legal conclusion, is insufficient under both *Iqbal* and *Twombly*.

*See, e.g., Twombly*, 550 at 555 (a complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts are not bound to accept as true a legal conclusion couched as a factual allegation." (quotations omitted)). FAM's complaint fails to contain any facts to enhance the claim that Stewart Title owed a duty over and above their contractual duty. In fact, FAM's negligence claim is duplicative, and merely a regurgitation, of its breach of contract claim. On this record, I am unable to find that this negligence claim is plausible on its face. *Iqbal*, 129 S.Ct. at 1950 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has merely made an allegation, "but it has not shown that the pleader is entitled to relief")(alteration, quotation marks, and citation omitted). Accordingly, FAM's claim for negligence is dismissed pursuant to Rule 12(b)(6) for violating the requirements of Rule 8(a)(2).

**B.    BREACH OF CONTRACT**

Stewart Title urges that the breach of contract claim must be dismissed because it is not a proper third-party defendant. Specifically, Stewart Title argues that the breach of contract claim is not derivative of or dependent on SSFCU's claims against FAM, and is therefore contrary to the requirements of FED. R. CIV. P. 14(a)(1). I disagree. In the Amended Complaint, SSFCU alleges that pursuant to the FSA, FAM agreed to originate, close, service, and administer construction loans for New Horizon. (Am. Compl., ¶23). FAM was also required to process the construction loan applications, complete all underwriting procedures, close the construction loans and service the constructions loans. (*Id.* at ¶24). SSFCU alleged that FAM owed a duty to process the loans with proper

diligence and care, but breached that duty causing damage. In the third-party complaint, FAM alleges that Stewart Title breached a contract with FAM by failing to perform the closings appropriately and in compliance with FAM's instructions. (FAM Compl., ¶23-24). Further, FAM alleged that Stewart title may be liable to FAM for all or part of SSFCU's claims against FAM. (*Id.* at ¶15). These allegations are sufficient under Rule 14, and accordingly, Stewart Title's motion to dismiss because the contract claim was improperly inserted in this case is denied.

Stewart Title also seeks to dismiss the breach of contract claim because FAM has failed to state a claim upon which relief can be granted. I disagree and find that FAM has alleged sufficient factual allegations in the contract claim to comply with Rule 8(a)(2) and survive a Rule 12(b)(6) motion to dismiss. FAM alleged that Stewart Title breached the contract by "failing or refusing to perform the Closings in compliance with their contracts with FAM and pursuant to FAM's closing instructions." (Compl., ¶23). Had FAM merely alleged that Stewart Title "failed to perform the contract" the outcome would be different here. FAM, however, pled sufficient facts to slightly "nudge" its breach of contract claim from "conceivable to plausible" and has therefore survived the motion to dismiss. *Twombly*, 550 U.S. at 570.[2]

**IV.  CONCLUSION**

Based on the foregoing, it is

ORDERED that Third-Party Defendant Stewart Title of California, LLC's Motion to Dismiss Third-Party Plaintiff's Claims and Brief in Support Thereof filed July 27, 2009 [d/e

---

[2] Given that all of the other third-party claims for relief have been dismissed with leave to re-file, FAM may take the opportunity to improve the allegations of the breach of contract claim, which I find less than ideal.

183] is **GRANTED IN PART and DENIED IN PART**.  The motion is **GRANTED** to the extent Stewart Title seeks dismissal of the "First Third-Party Claim for Relief - Negligence" against it for violating Rule 8(a)(2)'s pleading requirement.  The motion is **DENIED** in all other respects.  FAM is advised to carefully consider the Court's Orders if and when FAM recasts its claim for negligence.

Dated:  March 30, 2010

BY THE COURT:

**s/ Wiley Y. Daniel**
Wiley Y. Daniel
Chief United States District Judge