IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., *et al.*

Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Cross-claim Plaintiffs,

v.

FIRST AMERICAN MORTGAGE, INC., *et al.*

Cross-claim Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*

Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

Counterclaim Defendant.

## ORDER

THIS MATTER comes before me on Third-Party Defendants John Laing and Susan Laing's Motion to Dismiss filed July 9, 2009 [d/e 178]. I have also reviewed Third Party Plaintiff's Response to that motion [d/e 233] as well as the Third-Party Defendants' Reply [d/e 267]. Having considered the parties' pleadings and arguments, as well as the applicable authorities, I find that Third Party Defendants' motion should be granted.

### I. BACKGROUND

On January 20, 2009, Third Party Plaintiff, First American Mortgage Funding, LLC (hereinafter referred to as "FAM" or "Plaintiff"), filed their "Third-Party Complaint, Cross Claims, and Counterclaims" [d/e 83]. FAM allegedly entered into a Funding and Service Agreement ("FSA") with New Horizon Community Credit Union ("New Horizon") in August 2003. (FAM Compl., ¶8, p.4 [d/e 83]). In connection with the FSA, Third-Party Defendants, including John Laing and Susan Laing (hereinafter referred to as "Defendants Laing" or "Defendants") allegedly prepared and submitted construction loan applications to FAM that were approved by New Horizon. (*Id.* at ¶10, p.5). New Horizon, a Colorado based business, approved and made loans to Defendants for the construction of a home. (*Id.* at ¶11). In the underlying case herein, New Horizon's successor in interest, Security Service Federal Credit Union ("SSFCU"), is seeking damages against FAM for acts and omissions that were alleged to have occurred in connection with the construction loans and the closings of those loans. (*Id.* at ¶¶ 9, 14). Should FAM be found liable to SSFCU in the underlying case, the Defendants may be liable for all or part of SSFCU's claims against

FAM.

FAM has pled two claims for relief against Defendants - a claim for fraudulent representation and a claim for "aiding and abetting breach of fiduciary duty." (FAM Compl., ¶¶25-29 and 30-34 [d/e 83]). FAM alleges in the fraudulent representation claim that Defendants "made false representations of fact to FAM". Specifically, FAM alleged that Defendants misrepresented their assets/income on their residential loan applications and misrepresented their intended use of the residential homes. (*Id.* at ¶26). With respect to the aiding and abetting count, FAM alleges that certain title companies retained by FAM owed FAM a fiduciary duty, including the strict compliance with FAM's closing instructions. (*Id.* at ¶31). FAM alleges that Defendants knowingly participated in the title companies' breach of those fiduciary duties. (*Id.* at ¶33).

Defendants have filed a motion to dismiss the third-party claims arguing that the claim for fraudulent misrepresentation is not pled with particularity as required by FED. R. CIV. P. 9(b). (*See, e.g.,* Defs' Mot., pp. 3-6 [d/e 178]). Defendants argue that Plaintiff "inappropriately lumped together" all 26 third-party defendants without specifying who was involved in what activity. (*Id.* at 3-4.) Defendants Laing also move to dismiss count four for substantially the same reasons.

II.  **LEGAL STANDARD**

Federal Rule of civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.". FED. R. CIV. P. 9(b). More specifically, the Tenth Circuit requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *Koch v. Koch Indus., Inc.*, 203

F.3d 1202, 1236 (10th Cir. 2000) (quotations omitted). Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...." *Id.* (further quotations and citations omitted). However, "Rule 9(b) does not require that a complaint set forth detailed evidentiary matter as to why particular defendants are responsible for particular statements, or that the allegations be factually or legally valid." *Schwartz v. Celestial Seasonings, Inc*, 124 F.3d 1246, 1253 (10th Cir. 1997). Rule 9(b) further provides that "malice, intent, knowledge, and other conditions of mind of a person may be averred generally." FED. R. CIV. P. 9(b).

To the extent Defendants' motion raises issues related to Rules 12(b)(6) and 8(a)(2), to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court will "assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 129 S.Ct. at 1949. In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted).

### III.  LEGAL ANALYSIS

After reviewing FAM's third claim for relief, I conclude that it failed to meet Rule 9(b)'s requirements.  While FAM generally stated that the "Borrowers misrepresented their assets and/or income on their loan applications", this statement is simply too vague and lacking in factual allegations particularized as to each Defendant to satisfy Rule 9(b).  There are 26 defendants named in the fraudulent misrepresentation count and FAM failed to provide any background information as to date, speaker, and the medium of communication for even one of the alleged fraudulent misrepresentations.  *Koch*, 203 F.3d at 1236.  FAM relies on *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997) for the proposition that the Complaint need not identify how each particular defendant is responsible for a particular misrepresentation.  FAM's reliance on *Schwartz* is misplaced.  In *Schwartz*, the Tenth Circuit held that the complaint's failure to match specific statements with specific corporate insiders did not violate Rule 9(b) because "identifying the individual sources of statements is unnecessary when the fraud allegations arise from misstatements or omissions in group-published documents such as annual reports[.]" *Id.* at 1254.  Here, however, there are no allegations that the misrepresentations arise from group-published documents that involve collective actions of all 26 defendants.  Rather, the alleged misrepresentations arise from individual loan applications, which were separate and distinct for each Defendant.  Thus, *Schwartz* provides no assistance to Plaintiff's arguments in this case, and I find these allegations fail to raise FAM's right to relief above the speculative level and must be dismissed.

Defendants also seek dismissal of the fourth claim for relief - "Aiding and Abetting

Breach of Fiduciary Duty" - for failing to comply with Rule 9(b). Defendants, however, have failed to identify any authority to support their argument that this claim for relief is subject to Rule 9(b)'s heightened pleading standard.[1] Even assuming that 9(b) does not require a heightened pleading standard for the aiding and abetting claim, however, the claim must still be dismissed for violating the requirements of Rule 8(a)(2). FAM's Complaint contains the bare, conclusory allegation that the third-party defendants "knowingly participated in the Title Companies breach of their fiduciary duties." To find that these allegations satisfy the pleading requirements of Rule 8(a)(2) would reduce the requirement for stating an aiding and abetting claim to merely alleging that a defendant aided and abetted another party. Such a standard is untenable and in conflict with binding authority. *Twombly*, 550 U.S. at 555 (a complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action" (quotations omitted)). Thus, I am unable to find that the allegations supporting this claim for relief are plausible on their face. *Iqbal*, 129 S.Ct. at 1950 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has merely made an allegation, "but it has not shown that the pleader is entitled to relief") (alteration, quotation marks, and citation omitted). Accordingly, FAM's fourth third-party claim for relief, aiding and abetting breach of fiduciary duty, is hereby dismissed for violating the requirements of Rule 8(a)(2).

## IV. CONCLUSION

Based on the foregoing, it is

---

[1] Actually, it is difficult to determine the precise nature of Defendants' requested relief. Defendants' motion contains a heading that provides, "The Court Should Dismiss Plaintiffs' Claim for "Fraudulent Misrepresentation", but the body of the paragraph seeks dismissal of the fraudulent misrepresentation claim *and* the aiding and abetting claim. The Defendants further unnecessarily compound the confusion by failing to specifically discuss the aiding and abetting claim with any detail whatsoever. There is also a confusing discussion of FAM's cross-claim, which does not even pertain to these Defendants. *See* Defs' Mot., pp. 4-5.

ORDERED that Third-Party Defendants John Laing and Susan Laing's Motion to Dismiss filed July 9, 2009 [d/e 178] is **GRANTED** and the third-party complaint is **DISMISSED** with leave to re-file.

Dated: March 30, 2010

BY THE COURT:

**s/ Wiley Y. Daniel**
Wiley Y. Daniel
Chief United States District Judge