IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

    Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.,

    Defendants.

_____

FIRST AMERICAN MORTGAGE FUNDING, LLC,

    Third-Party Plaintiff,

vs.

STEWART TITLE OF CALIFORNIA, INC.; ORANGE COAST TITLE INSURANCE; LAWYERS TITLE COMPANY; BRIAN L. BARKER; SHARLENE P. BENTLEY; ROBIN AND MARGARET FREESTONE; DONALD AND SHARON GRUBB; TERENCE AND DONNA HAFLER; CHARLES AND BARBARA HESS; KENNETH INGRAM; SIMON AND JOANNA KROON; TRACY LARSON; THOMAS AND LOUISE MITCHELL; PETER AND JULIE PASO; JAMES AND JOANN PHILLIPS; DOUG RANGLACK; LOUIS AND DEBORAH SASSALI; SHELIAH A. WILLIAMS, SHARON CARLEO AND GERALD CARLEO et al.,

    Third-Party Defendants.

_____

FIRST AMERICAN MORTGAGE FUNDING, LLC, FIRST AMERICAN MORTGAGE, INC., CONSTRUCTION DISBURSEMENT SERVICES, INC., WILLIAM DEPUY, JEFFREY JORDAN, SHAUN JORDAN, MARK CAMPBELL and KEVIN B. JORDAN,

    Cross-Claim Plaintiffs,

v.

KENNETH E. NORTH, PARADISE RANCH VIEW MIRAGE, LLC, GILGER HOMES, LLC, KIRK GILGER, NEW CENTURY BUILDERS, INC., SUNDANCE MORTGAGE, LLC, THE ARTISAN GROUP, LLC, DBA ARTISAN DEVELOPMENT GROUP, AND/OR

EHLINE CO.

    Cross-Claim Defendants.

FIRST AMERICAN MORTGAGE FUNDING, LLC,
CONSTRUCTION DISBURSEMENT SERVICES, INC., and
KEVIN B. JORDAN,

    Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

    Counterclaim Defendant.

## ORDER

THIS MATTER comes before me on Plaintiff Security Service Federal Credit Union's Motion to Strike First American Title Insurance Company's Reply to Plaintiff's Memorandum of Points and Authorities in Opposition to "Defendant And Third Party Defendant Orange Coast Title Company of Southern California's Motion to Dismiss", or in the Alternative, Permit Plaintiff the Opportunity to Respond Thereto; And Motion to Strike Joinders of Defendants First American Title Insurance Company, Stewart Title of California and North American Title Company of Colorado [ECF No. 496], filed November 30, 2010.   For the reasons set forth below, the motion is granted.

On October 1, 2010, defendant Orange Coast Title of Southern California ("Orange Coast Title") moved to dismiss the Thirteenth, Fourteenth, and Fifteenth claims asserted by Plaintiff Security Service Federal Credit Union ("Plaintiff SSFCU") [ECF No. 438].  On October 4, 2010, prior to Plaintiff SSFCU filing a response to Orange Coast Title's motion to dismiss, defendant Lawyers Title Company ("Lawyers Title") filed a joinder to Orange Coast Title's motion to dismiss [ECF No. 441].   Plaintiff

filed its response in opposition to Orange Coast Title's motion to dismiss on October 25, 2010, [ECF No. 461] addressing both Plaintiff's claims against Orange Coast Title and Lawyers Title.   Orange Coast Title filed a reply in support of its motion to dismiss on November 11, 2010 [ECF No. 481], and Lawyers Title again filed a notice of joinder in that reply [ECF No. 483].

After Plaintiff filed its response in opposition to Orange Coast Title's motion to dismiss, three additional parties filed notice of joinders to Orange Coast Title's motion. First American Title Insurance Company ("FATIC") filed a joinder on October 28, 2010 [ECF No. 466]; North American Title Company of Colorado ("North American Title") filed a joinder on November 17, 2010 [ECF No. 485]; and Stewart Title of California ("Stewart Title") filed a joinder on November 18, 2010 [ECF No. 489].

In addition, FATIC also filed a substantive reply in support of Orange Coast Title's motion to dismiss [ECF No. 480].   Lawyers Title, North American Title, and Stewart Title also filed joinders in the substantive reply filed by FATIC [ECF No. 483, 485, 489].

I agree with Plaintiff SSFCU that each of the joinders filed after Plaintiff SSFCU's response in opposition to Orange Coast Title's motion to dismiss should be stricken. FATIC, Stewart Title, and North American Title each filed joinders in Orange Coast Title's motion to dismiss after Plaintiff SSFCU's October 25, 2010 response brief, thus preventing Plaintiff SSFCU from addressing arguments specific to those defendants. The practice of filing joinders in this manner not only poses a risk of prejudice to Plaintiff SSFCU, who did not have an opportunity to respond, but also creates unnecessary disorder in the case docket.   Accordingly, any joinders in Orange Coast Title's motion to

dismiss filed after Plaintiff SSFCU's response on October 25, 2010 must be stricken.

I further agree that Plaintiff SSFCU has not had a full and fair opportunity to respond to the reply memorandum filed by FATIC.  Like its joinder in Orange Coast Title's motion to dismiss, FATIC's substantive reply brief was filed after Plaintiff SSFCU filed its opposition memorandum.  Because I am striking FATIC's joinder in Orange Coast Title's motion to dismiss, I am also necessarily striking FATIC's reply brief and any joinders thereto.

Furthermore, I concur with the admonishment set forth in Judge Krieger's opinion in *S.E.C. v. Nacchio,* 614 F.Supp.2d 1164, 1166 (D.Colo.2009) that "[f]or a variety of reasons, many of them relating to administrative and procedural difficulties posed by such a practice, the Court discourages parties from filing "joinders" in other parties' motions."  To further the goal of efficient and orderly case management, a party who seeks the same relief for the same reasons set forth in another party's motion should file a separate motion, and if necessary, incorporate by reference the arguments made by the other party.

Accordingly, it is hereby

ORDERED that First American Title Insurance Company's joinder [ECF No. 466]; North American Title's joinder [ECF No. 485], and Stewart Title's joinder [ECF No. 489] in Orange Coast Title's motion to dismiss are STRICKEN. It is

FURTHER ORDERED that First American Title Insurance Company's reply [ECF No. 480] is STRICKEN.

Dated:  December 22, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge