**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

    Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, *et al.*,

    Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC,

    Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC.; ORANGE COAST TITLE INSURANCE; LAWYERS TITLE COMPANY; BRIAN L. BARKER; SHARLENE P. BENTLEY; ROBIN AND MARGARET FREESTONE; DONALD AND SHARON GRUBB; TERENCE AND DONNA HAFLER; CHARLES AND BARBARA HESS; KENNETH INGRAM; SIMON AND JOANNA KROON; TRACY LARSON; THOMAS AND LOUISE MITCHELL; PETER AND JULIE PASO; JAMES AND JOANN PHILLIPS; DOUG RANGLACK; LOUIS AND DEBORAH SASSALI; SHELIAH A. WILLIAMS, SHARON CARLEO AND GERALD CARLEO *et al.*,

    Third-Party Defendants.

---

FIRST AMERICAN MORTGAGE FUNDING, LLC, FIRST AMERICAN MORTGAGE, INC., CONSTRUCTION DISBURSEMENT SERVICES, INC., WILLIAM DEPUY, JEFFREY JORDAN, SHAUN JORDAN, MARK CAMPBELL and KEVIN B. JORDAN,

    Cross-Claim Plaintiffs,

v.

1

KENNETH E. NORTH, PARADISE RANCH VIEW MIRAGE, LLC, GILGER HOMES, LLC, KIRK GILGER, NEW CENTURY BUILDERS, INC., SUNDANCE MORTGAGE, LLC, THE ARTISAN GROUP, LLC, DBA ARTISAN DEVELOPMENT GROUP, AND/OR EHLINE CO.

    Cross-Claim Defendants.

FIRST AMERICAN MORTGAGE FUNDING, LLC, CONSTRUCTION DISBURSEMENT SERVICES, INC., and KEVIN B. JORDAN,

    Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

    Counterclaim Defendant.

## SECOND AMENDED PROTECTIVE ORDER

WHEREAS, certain documents, information and tangible objects that may be produced in discovery in this proceeding may contain highly confidential, proprietary, financial or other commercially sensitive information of one or more of the parties to this action or of certain third parties;

WHEREAS, the Amended Protective Order, filed May 18, 2010 (Doc. No. 363) presently in effect in this action does not provide for special procedures with respect to the protection of such highly confidential information;

NOW, THEREFORE, subject to approval of the Court, it is hereby stipulated and agreed by and among the parties who are signatories hereto, as follows:

    1.    This Second Amended Protective Order (the "Order") governs the treatment of documents, testimony (whether oral or written), transcripts of and exhibits to depositions, all

written discovery and any responses thereto, and all other written, recorded, or graphic material or things, including all copies, excerpts, abstracts, or summaries thereof (collectively, "Discovery Material"), produced, received, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)"). This Order supplements the Amended Protective Order entered by the Court on May 18, 2010 (Document No. 363) (the "Amended Protective Order").

2. Any Person shall have the right, before disclosure, to designate as "HIGHLY CONFIDENTIAL" any Discovery Material it produces or provides that the Person or an attorney on behalf of the Person believes constitutes, reflects or discloses trade secrets, proprietary information, commercially sensitive information or other private or confidential information of the Person or others that requires special protection not already provided by the Amended Protective Order. For purposes of this Amended Protective Order, the term "Designating Person" shall mean a Person that designates information or items that it produces in disclosures or in response to discovery as "HIGHLY CONFIDENTIAL."

3. All such Discovery Material designated as "HIGHLY CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies, excerpts, abstracts, or summaries thereof), shall be handled in strict accordance with the terms of this Order. Specifically, absent an order by this Court to the contrary, Discovery Material designated as "HIGHLY CONFIDENTIAL" shall be used by a Person solely in connection with this action and any appeal therefrom, and not for any business, copyright, trademark or patent prosecution or other legal or administrative proceeding, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided herein. Discovery Material designated as "HIGHLY CONFIDENTIAL" may be disclosed only under the circumstances and to the Persons specifically provided for in this Order or any subsequent Court order, or with the explicit prior written consent of the Designating Person. It is the intent of the parties that are signatories

to this Order that Discovery Material designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to or handled by any Person, or any current or former officer, director, shareholder, member, employee, representative or agent thereof, except as expressly provided by this Order.

4. Discovery Material designated as "HIGHLY CONFIDENTIAL" (including the contents and all written, recorded, or graphic copies and, excerpts, abstracts, or summaries thereof), may be disclosed, shown, or made available, or communicated in any way only to the following persons:

 a. The Receiving Person's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.  For purposes of this Order, the term "Receiving Person" shall mean the Person receiving or obtaining the Discovery Material designated as "HIGHLY CONFIDENTIAL";

 b. Experts (as defined in this Order) of the Receiving Person to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.  For purposes of this Order, the term "expert" shall mean a person with specialized knowledge or experience in a matter pertinent to this action who (1) has been retained by the Receiving Person, or its counsel of record, to serve as an expert witness or as a consultant in this action; (2) is not a past employee of the Designating Person or a past or current employee of any competitor of the Designating Person; (3) at the time of the expert's retention, is not anticipated to become an employee of any competitor of the Designating Person.

4

      c. the Court and its personnel;

      d. stenographic reporters and videographers taking, recording or transcribing testimony involving the Discovery Material designated as "HIGHLY CONFIDENTIAL", and clerical personnel thereof; and

      e. the Designating Party (including any witness designated to testify at deposition on behalf of the Designating Party under Fed.R.Civ.P. 30(b)(6)) and any Person expressly identified in the Discovery Material designated as "HIGHLY CONFIDENTIAL" as a Person who authored or received the Discovery Material designated as "HIGHLY CONFIDENTIAL" who is deposed in this action.

    5.    Notwithstanding the provisions of Paragraph 4 of this Order, Discovery Material previously designated as "HIGHLY CONFIDENTIAL" in this action by plaintiff Security Service Federal Credit Union ("Plaintiff") shall also be made available for inspection by individual defendants Kevin B. Jordan, William DePuy, Jeffrey Jordan, Shaun Jordan, and Mark Campbell (the "Pro Se FAM Defendants") in Denver, Colorado, in the presence of Plaintiff or its designee, at the offices of the Pro Se FAM Defendants ,or such other location as Plaintiff may reasonably designate (the "Inspection"). The Inspection shall occur no later than fourteen (14) calendar days after this Order has been approved by the Court on a date(s) and time(s) mutually agreeable to Plaintiff and the Pro Se FAM Defendants. At the Inspection, the Pro Se FAM Defendants shall not be permitted to copy, transcribe or take notes concerning the Discovery Material made available to them, but may note the bates-number and record a general description of the Discovery Material without reference to its specific content or the details of its subject matter. At the Inspection, the Pro Se FAM Defendants shall identify to Plaintiff by bates-number any and all documents contained in the Discovery Material that any of the Pro Se FAM Defendants want copied and produced for their use in this action in accordance with the

provisions of this Order; provided, however, that in the event Plaintiff objects to the production of any of the documents identified by any of the Pro Se FAM Defendants at the Inspection, Plaintiff shall, within fourteen (14) days after the Inspection, file (under seal, as Plaintiff may elect) and serve a motion for a protective order under Fed.R.Civ.P. 26(c), in accordance with the applicable Federal Rules of Civil Procedure and civil local rules, and the Pro Se FAM Defendants shall have the right and ability to respond to any and all such motions filed by the Plaintiff in accordance with such rules.  In the event Plaintiff moves for such a protective order, none of the Discovery Material that is the subject of the motion for protective order, nor any copies thereof, nor any testimony or other discovery concerning such Discovery Material, shall be provided or otherwise made available to, or may be used by, any Pro Se FAM Defendant in this action for any purpose, absent an order of the Court to the contrary; provided, however, that the Pro Se FAM Defendants shall have the right to seek appropriate emergency relief from the Court to the extent they are precluded from participating in or using the Discovery Material that is the subject of the motion for protective order during any testimony or discovery that may occur while such motion is pending.  If Plaintiff does not move for such a protective order within the aforementioned 14-day period, the documents identified by any of the Pro Se FAM Defendants at the Inspection shall be promptly copied and produced for their use in this action in accordance with the provisions of this Order.

6. Discovery Material designated as "HIGHLY CONFIDENTIAL" shall be so designated by marking or stamping the material "HIGHLY CONFIDENTIAL" prior to the time the material is disclosed, or as soon thereafter as the Designating Person becomes aware of the nature of the material disclosed and sought to be protected.

7. Any Person may designate deposition testimony, and any transcript, excerpt or summary thereof, as "HIGHLY CONFIDENTIAL" during the deposition or up to sixty (60) days after the Person's receipt of the final transcript of the deposition, and such testimony shall be

separately bound by the stenographic reporter and shall be subject to the provisions of this Protective Order.  Deposition testimony concerning or relating to Discovery Material previously designated as "HIGHLY CONFIDENTIAL" shall automatically be deemed "HIGHLY CONFIDENTIAL" and separately bound by the stenographic reporter and subject to the provisions of this Protective Order, unless the Person that originally designated the Discovery Material as "HIGHLY CONFIDENTIAL" changes the designation of such materials.

8.     Discovery Material designated as "HIGHLY CONFIDENTIAL," where filed with the Court as part of any pleading or as evidence, shall be filed with the Court along with a motion and order requesting sealing, or in hard copy to chambers, as permitted by the Court.

9.     A Designating Person that inadvertently fails to mark Discovery Material as "HIGHLY CONFIDENTIAL" at the time of the production shall promptly correct its failure once discovered.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Discovery Material appropriately marked as "HIGHLY CONFIDENTIAL."  Within five (5) days of receipt of the substitute copies, the Receiving Person shall return or destroy the previously unmarked materials and all copies thereof.  The corrected designations shall apply prospectively only.

10.    If Discovery Material designated as "HIGHLY CONFIDENTIAL" is disclosed to anyone other than the Person(s) to whom disclosure is authorized under this Order, or in a manner outer than in the manner authorized herein, the person responsible for the disclosure must immediately inform the parties to this action and shall make every effort to prevent further disclosure by it or by anyone who was a recipient of such information.

11.    Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Order constitute an

admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

12. <u>Challenging Confidentiality Designations</u>.  Unless a prompt challenge to a designating Person's designation of Discovery Material as "HIGHLY CONFIDENTIAL" is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Person does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   a. <u>Meet and Confer</u>.  A Person that elects to initiate a challenge to a Designating Person's designation of Discovery Material as "HIGHLY CONFIDENTIAL" must do so no later than 60 days before the date initially set for trial and in good faith, and must begin the process by conferring directly with counsel for the Designating Person.  In conferring, the challenging Person must explain the basis for its belief that the designation of Discovery Material as "HIGHLY CONFIDENTIAL" was not proper and must give the Designating Person an opportunity to review the designated Discovery Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Person may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

   b. <u>Judicial Intervention</u>.  Within 14 days after the completion of the meet and confer process described in the preceding paragraph, a Person that elects to press a challenge to the designated Discovery Material after considering the justification offered by the Designating Person may file and serve a motion under the applicable Federal Rules of Civil Procedure and civil local rules (and in compliance with the rules governing the sealing of motions and exhibits, if applicable) that identifies the designated Discovery

    Material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, and that sets forth with specificity the justification for the designation of the challenged Discovery Material as "HIGHLY CONFIDENTIAL" that was given by the Designating Person in the meet and confer dialogue.  If no such motion is filed within the aforementioned 14 days, the designation of the Discovery Material as "HIGHLY CONFIDENTIAL" shall not be subject to challenge by such challenging Person.

  c. The burden of persuasion in any challenge proceeding before the Court shall be on the Designating Person.  Until the Court rules on the challenge, all Persons shall continue to treat the Discovery Material in question as "HIGHLY CONFIDENTIAL."

  13. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:

  a. at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

  b. since the time of disclosure hereunder, has become, through no act or failure on the part of the Receiving Person, part of the public domain by publication or otherwise;

  c. at the time of disclosure, was already in the possession of the Receiving Person and was not acquired directly or indirectly from the Designating Person or from any third party under obligation of confidence to the Designating Person;

  d. after disclosure hereunder, was acquired by the Receiving Person from a third party lawfully possessing the same and having no obligation to the Designating Person hereunder; or

   e. the Designating Person agrees, in writing prior to disclosure hereunder, may be disclosed to a third party under no obligation of confidentiality.

  14. Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all Persons to whom Discovery Material designated as "HIGHLY CONFIDENTIAL" has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

  15. Subject to final order of the Court upon completion of all matters relating to this case, within thirty (30) days after entry of any final and unappealable judgment in this litigation, any and all Discovery Material designated as "HIGHLY CONFIDENTIAL" and all copies and summaries thereof shall be returned to the Designating Person or destroyed; provided, however, counsel for each Person shall be permitted to retain and archive Discovery Material designated as "HIGHLY CONFIDENTIAL" that is contained in files ordinarily maintained in the course of litigation. If Discovery Material designated as "HIGHLY CONFIDENTIAL" is destroyed pursuant to this Paragraph 15, the party destroying such Discovery Material designated as "HIGHLY CONFIDENTIAL" shall certify in writing to the Designating Person that such destruction has taken place.

  16. Nothing in this Order shall limit or restrict the manner in which any party shall handle its own Discovery Material designated as "HIGHLY CONFIDENTIAL."

  17. Nothing in this Order shall determine the treatment of any Discovery Material for purposes of trial, including any Discovery Material designated as "HIGHLY CONFIDENTIAL." No party agreeing to this Order or otherwise bound thereby waives or relinquishes any of its rights or objections concerning the treatment, or modification of the treatment, of any Discovery Material for purposes of trial, including any Discovery Material designated hereunder as "HIGHLY CONFIDENTIAL."

18.     This Order is being entered without prejudice to the right of any Person to request modification of or relief from any of its terms from the Court. In the event any parties are joined in this action, such new parties shall be subject to the terms of this Order upon their receipt of a summons and copy of this Order.

DATED at Denver, Colorado, this 5th day of April 2012.

                                            BY THE COURT:

                                            *s/Craig B. Shaffer*
                                            United States Magistrate Judge

**IT IS SO STIPULATED**:

| | |
|---|---|
| DATED: MARCH 28, 2012<br><br>SMITH DOLLAR PC<br><br>By:   /s/ Henry A. Cirillo, Esq.<br>        Henry A. Cirillo, Esq.<br>404 Mendocino Avenue, 2nd Floor<br>Santa Rosa, CA 95401<br>Telephone: (707) 522-1100<br>*Attorneys for Plaintiff Security Service Federal Credit Union* | DATED: MARCH 28, 2012<br><br>SWEETBAUM SANDS ANDERSON PC<br><br>By:   /s/ Joshua D. McMahon, Esq.<br>        Joshua D. McMahon, Esq.<br>1125 17th Street, Suite 2100<br>Denver, CO 80202<br>Telephone: (303) 296-3377<br>*Attorneys for Defendant and Third-Party Defendant Stewart Title of California, Inc.* |
| DATED: MARCH 28, 2012<br><br>GREENBERG TRAURIG LLP<br><br>By:   /s/ David H. Goldberg, Esq.<br>        David H. Goldberg, Esq.<br>1200 Seventeenth Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (303) 572-6500<br>*Attorneys for Defendant and Third-Party Defendant Lawyers Title Company* | DATED: MARCH 28, 2012<br><br>GREEN & HALL, APC<br><br>By:   /s/ Markus D. Self, Esq.<br>        Markus D. Self, Esq.<br>1851 East First Street 10th Floor<br>Santa Ana, CA 92705<br>Telephone: (714) 918-7000<br>*Attorneys for Defendant and Third-Party Defendant Orange Coast Title Company Of Southern California* |
| DATED: MARCH 28, 2012<br><br>By:   /s/ William DePuy, Esq.<br>        William DePuy, Esq.<br>4704 Harlan Street, Suite 430<br>Denver, CO 80212<br>Telephone: (303) 455-3511<br>*Attorneys for Defendants First American Mortgage Funding LLC; First American Mortgage, Inc.;Construction Disbursement Services, Inc; Construction Financial Services, Inc.; Third-Party Plaintiff First American Mortgage Funding LLC; and Counterclaimants First American Mortgage Funding LLC and Construction Disbursement Services, Inc* | DATED: MARCH 28, 2012<br><br>By:   /s/ Kevin B. Jordan<br>        Kevin B. Jordan<br>4704 Harlan Street, Suite 430<br>Denver, CO 80212<br>Telephone: (303) 455-3511<br>*Defendant and Counterclaimant (Pro Se)* |

<mark>Case 1:08-cv-00955-WYD-CBS   Document 746   Filed 04/05/12   USDC Colorado   Page 13 of 14</mark>

| | |
|---|---|
| DATED: MARCH 28, 2012<br><br>By:   /s/ William DePuy<br>     William DePuy<br>4704 Harlan Street, Suite 430<br>Denver, CO 80212<br>Telephone: (303) 455-3511<br>*Defendant (Pro Se)* | DATED: MARCH 28, 2012<br><br>By:   /s/ Jeffrey Jordan<br>     Jeffrey Jordan<br>4704 Harlan Street, Suite 430<br>Denver, CO 80212<br>Telephone: (303) 455-3511<br>*Defendant (Pro Se)* |
| DATED: MARCH 28, 2012<br><br>By:   /s/ Shaun Jordan<br>     Shaun Jordan<br>4704 Harlan Street, Suite 430<br>Denver, CO 80212<br>Telephone: (303) 455-3511<br>*Defendant (Pro Se)* | DATED: MARCH 28, 2012<br><br>By:   /s/ Mark Campbell<br>     Mark Campbell<br>4704 Harlan Street, Suite 430<br>Denver, CO 80212<br>Telephone: (303) 455-3511<br>*Defendant (Pro Se)* |

<mark>13</mark>

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [Print Name], of _____[Print Address], declare under penalty of perjury that I have read in its entirety and understand the Second Amended Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the case of *Security Service Federal Credit Union v. First American Mortgage Funding LLC, et al.*, Civil Action No. 08-cv-00955-WYD-CBS.  I agree to comply with and to be bound by all the terms of this Second Amended Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner or at any time any information or item that is subject to this Second Amended Protective Order to any person or entity, including any competitor of the Designating Party (as defined in this Order) except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of United States District Court for the District of Colorado for the purpose of enforcing the terms of this Second Amended Protective Order, even if such enforcement proceedings occur after termination of this action.

DATE: _____

City and State where signed: _____

Signature: _____

Printed Name: _____