IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

    Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.

    Defendants.

FIRST AMERICAN MORTGAGE FUNDING, LLC,

    Third-Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., et al.

    Third-Party Defendants.

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.

    Cross-claim Plaintiffs,

v.

KENNETH E. NORTH, et al.

    Cross-claim Defendants.

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.

    Counterclaim Plaintiffs,

v.

SECURITY SERVICE FEDERAL CREDIT UNION,

    Counterclaim Defendant.

## ORDER

This matter is before the Court on Plaintiff Security Service Federal Credit Union's Amended Motion For Reconsideration Of The District Court's March 21 Order Regarding Choice of Law [ECF No. 742], filed on April 2, 2012.

## BACKGROUND

On July 18, 2011, Security Service Federal Credit Union ("SSFCU") filed a fourth-amended complaint alleging breach of contract, negligence, negligent misrepresentation, breach of fiduciary duty, and numerous other tort claims against Orange Coast Title Company of Southern California ("OCT"), Stewart Title of California, Inc. ("STC"), and Lawyers Title Company ("LTC"), in connection with the handling of escrow transactions related to loan closings for real estate situated in California. During August 2011, OCT, STC, and LTC (collectively "the Closing Agents") filed motions requesting a determination of whether California or Colorado law applied to SSFCU's claims. After the parties fully briefed the choice of law issue, I issued an Order on March 21, 2012, stating that California law applies to SSFCU's contract and tort claims and Colorado privilege law applies to any discovery dispute between the parties [ECF No. 731].

On April 2, 2012, SSFCU filed a motion for reconsideration requesting that I reconsider my March 21, 2012, Order and find that Colorado law, rather than California law, governs SSFCU's tort claims against the Closing Agents [ECF No. 742]. SSFCU argues that Colorado law applies to its tort claims because SSFCU suffered injury in Colorado and California law may preclude its claims against the Closing Agents.

## ANALYSIS

### A. Legal Standard for a Motion for Reconsideration

The FEDERAL RULES of CIVIL PROCEDURE do not recognize motions for reconsideration. *Smilde v. Mortgage Temps, Inc.*, 22 Fed. Appx. 957, 958 n.1 (10th Cir. 2001); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This Court's treatment of a motion for reconsideration depends on whether the challenged order is a final order or an interlocutory order. My March 21, 2012, Order is an interlocutory order because it did not dispose of all claims and all parties. *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). Therefore, it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.*

In order to prevail on a motion to reconsider, a party must show that there is: (1) an intervening change in the controlling law; (2) new evidence that was previously unavailable; or, (3) a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are "not to be used as a 'second chance when a party has failed to present its strongest case in the first instance.'" *Parker v. Ritter*, 2010 U.S. Dist. LEXIS 24991, *10 (D. Colo. 2010) (citations omitted). "Motions to reconsider are rarely appropriate." *Lerner v. Sartori*, 1999 U.S. Dist. LEXIS 16054, *1 (D. Ariz. 1999). My decision to grant or deny a motion for reconsideration is committed to my sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

**B. SSFCU's Motion for Reconsideration [ECF No. 742]**

SSFCU argues that I should reconsider my March 21, 2012, Order and find that Colorado law, rather than California law, governs SSFCU's tort claims against the Closing Agents. SSFCU argues that I incorrectly determined the place of injury and did not give appropriate weight to the consideration that California's Full Credit Bid Rule may preclude SSFCU's claims against the Closing Agents. As such, SSFCU contends that my determination that California law applies to its tort claims constitutes clear error and manifest injustice.

**1. Place of injury**

SSFCU argues that it sustained injury in Colorado, not California. Specifically, SSFCU states that "[i]t is well-settled where, as here, the injury to a corporation is economic, the injury is sustained in the state in which the corporation's principal place of business is located." SSFCU's Mtn. for Recon. [ECF No. 742], p. 4, ¶ 2 (citing *Bankers Trust Co. v. Lee Keeling & Assocs.*, 20 F.3d 1092, 1098 (10th Cir. 1994). SSFCU further states, "[p]ut another way, the 'place of injury' is the place where the 'burden of any financial loss . . . falls most heavily.'" *Id.* at p. 5, ¶ 1 (citing *Bankers Trust*, 20 F.3d at 1098).

SSFCU relies on *Bankers Trust Co. v. Lee Keeling & Assocs.*, 20 F.3d 1092 (10th Cir. 1994), for its argument that the place of injury is Colorado, rather than California. In *Bankers Trust,* Lee Keeling & Associates, an oil and gas engineering consulting firm, submitted a faulty oil and gas reserves report to Bankers Trust Company, a New York banking corporation. In the report, Lee Keeling & Associates overstated the oil and gas reserves of Scandrill, a Texas-based oil and gas company,

by $100 million dollars. Bankers Trust Company relied on the faulty report to issue Scandrill a $105 million dollar loan. Scandrill subsequently defaulted, and Bankers Trust Company sued Lee Keeling & Associates for submitting the faulty report. The trial court determined that New York law governed the action, and Lee Keeling & Associates appealed that determination. In analyzing whether the trial court erred with respect to the choice of law, the appellate court applied New York's "interest analysis test." Under this test, "'the law of the jurisdiction having the greatest interest in resolving the particular issue' applies to the case." *Bankers Trust*, 20 F. 3d at 1096 (citations omitted). The appellate court affirmed the district court's ruling that New York law governed the action.

SSFCU's reliance on *Bankers Trust* is improper. In *Bankers Trust*, the appellate court analyzed the choice of law issue with respect to the plaintiff's tort claims, in accordance with New York's "interest analysis test." *Bankers Trust*, 20 F. 3d at 1096. The appellate court also determined the place of injury in accordance with New York law, stating that "when the defendant's negligent conduct occurs in one jurisdiction and the plaintiff's injuries are suffered in another, the place of the wrong is considered to be the place where the last event necessary to make the actor liable occurred." *Bankers Trust*, 20 F. 3d at 1097. In my March 21, 2012, Order, I analyzed the choice of law issue in accordance with Colorado law. Thus, I applied Colorado's "most significant relationship test," which governs multi-state tort controversies. *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508-09 (Colo. 2007). Under this test, I determine which state has the most significant relationship to the occurrence and the parties. *Tennille v. Western Union Co.,* 751 F. Supp. 2d 1168, 1171 (D. Colo. 2010). Because *Bankers*

-5-

*Trust* applied New York state law to the claims at issue and employed a different choice of law test, I do not find SSFCU's reliance on *Bankers Trust* appropriate. I therefore need not analyze where the place of the injury occurred in the present case under *Bankers Trust*'s methodology.

Under Colorado's "most significant relationship test," one of the factors I must consider in determining the choice of law issue is the place the alleged injury occurred. RESTATEMENT (SECOND) CONFLICT of LAWS § 145 (1971); *Dworak v. Olson Construction Co.*, 551 P.2d 198, 199-200 (Colo. 1976) (applying § 145 to tort claims). Here, SSFCU's claims against the Closing Agents arise out of alleged tortious conduct that occurred in California *i.e.*, improper performance of escrow services. The real estate related to the escrow transactions was situated in California. Based on these facts, I reaffirm my prior finding that SSFCU's injury occurred in California.

With respect to SSFCU's fraud and misrepresentation claims, SSFCU argues that I ignored the factors in RESTATEMENT § 148, which SSFCU contends weigh in favor of determining that the injury occurred in Colorado, not California. Pursuant to RESTATEMENT § 148(2):

> When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
>
> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
>
> (b) the place where the plaintiff received the representations,
>
> (c) the place where the defendant made the representations,

> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
>
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
>
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Of particular importance in § 148(2) is the statement that "the forum will consider such of the following contacts, among others as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties . . . " Thus, the factors listed in § 148(2) are not exhaustive and I am free to consider other contacts when determining the choice of law issue. Further, Comment C to § 148 states in pertinent part:

\*   \*   \*   \*

> In part, because of the difficulties involved in its location, the place of [pecuniary] loss does not play so important a role in the determination of the law governing actions for fraud and misrepresentation as does the place of injury in the case of injuries to persons or to tangible things.
>
> The place where the defendant made his false representations, on the other hand, is as important a contact in the selection of the law governing actions for fraud and misrepresentation as is the place of the defendant's conduct in the case of injuries to persons or to tangible things.

Thus, based on the facts of the present case and considering RESTATEMENT §§ 145[1], 148(2) and its comments, I conclude that: (1) the Closing Agents' actions that caused

---

[1] Pursuant to Restatement § 145:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the

SSFCU's injury *i.e.*, false representations and improper performance of escrow services, took place in California; and, (2) SSFCU's injury occurred in California. Therefore, the determination in my March 21, 2012, Order that the injury occurred in California was not clear error and it does not constitute manifest injustice.

### 2. Consideration of California's Full Credit Bid Rule

SSFCU argues that I failed to take into consideration the fact that if California law applies to this action, California's Full Credit Bid Rule may preclude SSFCU's claims against the Closing Agents. The California Supreme Court explained the Full Credit Bid Rule in *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226 (Cal. 1995). The court stated:

> A "full credit bid" is a bid "in an amount equal to the unpaid principal and interest of the mortgage debt, together with the costs, fees and other expenses of the foreclosure." If the full credit bid is successful, i.e., results in the acquisition of the property, the lender pays the full outstanding balance of the debt and costs of foreclosure to itself and takes title to the security property, releasing the borrower from further obligations under the defaulted note.
>
> \*   \*   \*   \*
>
> Under the "full credit bid rule," when a lender makes such a bid, it is precluded for purposes of collecting its debt

---

parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

    (a) the place where the injury occurred,

    (b) the place where the conduct causing the injury occurred,

    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

    (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

> from later claiming that the property was actually worth less than the bid.

*Alliance Mortg. Co.*, 10 Cal. 4th at 1238 (citations omitted).

SSFCU argues that if the Full Credit Bid Rule applies in this case and precludes its claims against the Closing Agents, I will have "substantially discounted, if not ignored, [Colorado's] strong interest in protecting its citizens from fraud." SSFCU's Mtn. for Recon. [ECF No. 742], p. 9, ¶ 4.[2] First, determining whether or not the rule applies in this case is not necessary at this point, because the rule does not bear on what law governs this action. Second, when analysis under Colorado's choice of law test dictates that I apply another state's substantive laws to a case before me, I cannot depart from such application solely because it may preclude a plaintiff's claims. While I take no position as to whether or not the Full Credit Bid Rule applies in this case, if it did apply, that would not be grounds for me to ignore the analytical framework of Colorado's choice of law test and find that Colorado law governs this action for the sole purpose of allowing SSFCU to go forward with its claims. Thus, SSFCU's argument is unpersuasive and I did not need to take into consideration the potential effect of California's Full Credit Bid Rule when determining the choice of law issue.

## CONCLUSION

Based on my analysis above, I reaffirm my prior finding that SSFCU suffered injury in California. I also reaffirm my decision that a determination of whether or not California's Full Credit Bid Rule applies in the present case is unnecessary at this time. Further, it is not necessary for me to take into consideration the potential effects of

---

[2] While SSFCU states the potential effects of California's Full Credit Bid Rule, it does not concede that such rule applies in the present case.

California's Full Credit Bid Rule when making the choice of law determination.   Thus, my determination that California law governs SSFCU's tort claims does not constitute clear error or manifest injustice.  Accordingly, it is

ORDERED that Security Service Federal Credit Union's motion for reconsideration [ECF No. 742] is **DENIED**.

Dated:  October 31, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge