IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  08-cv-0955-WYD-CBS

SECURITY SERVICE FEDERAL CREDIT UNION,

Plaintiff,

v.

FIRST AMERICAN MORTGAGE FUNDING, LLC, et al.,

Defendants;

FIRST AMERICAN MORTGAGE FUNDING, LLC,

 Third Party Plaintiff,

v.

STEWART TITLE OF CALIFORNIA, INC., et al.,

 Third Party Defendants.
_____

**ORDER**
_____

  THIS MATTER is before the Court on Defendant First American Mortgage Funding, LLC, First American Mortgage, Inc., Construction Disbursement Services, Inc., Construction Financial Services, LLC, Kevin B. Jordan, William Depuy, Shaun Jordan and Mark Campbell's Consolidated Motion for Summary Judgment (ECF No. 1161), filed on March 6, 2015.  This motion, among others, was argued at a hearing before me on December 16, 2015.  Summary judgment for this motion was denied as to the breach of contract claim against the movant.  The motion was taken under advisement

to evaluate the movant's claim that tort claims against it are precluded under Colorado's Economic Loss Rule.

I.     EXPLANATION OF PARTIES

The parties implicated in this motion are as follows:  Plaintiff, Security Service Federal Credit Union ("SSFCU"), successor in interest to New Horizons Community Credit Union ("New Horizons"); First American Mortgage Funding, LLC ("FAM Funding"); First American Mortgage, Inc. ("FAM"); Construction Disbursement Services, Inc. ("CDS"); Construction Financial Services, LLC ("CFS"); and officers Kevin B. Jordan, William Depuy, Shaun Jordan, and Mark Campbell ("FAM Officers").  All of these Defendants are collectively referred to here as the FAM Defendants.

As alleged in the Fourth Amended Complaint ("FAC"), although FAM Funding was the contracting party under a Funding Services Agreement ("FSA") with New Horizons, FAM "provided service to New Horizons under the [FSA], and received a majority of the income under the [FSA]."  FAC, ¶ 3.  Under the FSA, Plaintiff alleges that FAM Funding and FAM had an obligation to originate, close, service and administer construction loans on behalf of New Horizons.  Construction draws were made through CDS.  FAM Funding, FAM, and CDS have allegedly ceased business operations, and Plaintiff alleges that CFS has continued the business operations of FAM Funding, FAM, and CDS, and CFS is the successor in interest to FAM Funding, FAM, and CDS.  FAC, ¶ 10.  The acts of FAM Funding, FAM, and CDS were allegedly performed by or with the knowledge of the FAM Officers.  FAC, ¶¶ 4, 5, 7, 8.

## II.     INTRODUCTION AND BACKGROUND

Plaintiff alleges that the FSA required FAM Funding and FAM to procure permanent financing for borrowers upon the maturity of their construction loans, and to purchase the construction loans if permanent financing could not be obtained.  Plaintiff alleges that individual borrowers defaulted on at least forty-one of the construction loans originated by FAM Funding and FAM, twenty-six of which are at issue in this case. Plaintiff alleges that despite demand for payment under the FSA, FAM Funding and FAM have failed to pay amounts owed to Plaintiff.

Plaintiff asserts seven claims against the FAM Defendants:  breach of contract against FAM Funding and FAM; fraudulent misrepresentation against all of the FAM Defendants; fraudulent concealment against all of the FAM Defendants; aiding and abetting fraud against FAM Funding, FAM, and the FAM Officers; conspiracy against all of the FAM Defendants; negligence against FAM Funding, FAM, and CDS; and a RICO violation against all of the FAM Defendants.

## III.     COLORADO ECONOMIC LOSS RULE

The Colorado Economic Loss Rule is discussed at length in *Town of Alma v. AZCO Constr. Inc.*, 10 P.3d 1256 (Colo. 2000).  There, the court analyzed the question of whether, when a breach of contractual duty has been asserted, a plaintiff may maintain an action in tort for purely economic loss.  The court held that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Id.* at 1264.  The court also recognized that "certain common law claims that sound in

tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim." *Id.* at 1263, citing *Brody v. Bock,* 897 P.2d 769, 776 (Colo. 1995) (common law fraud claim is based on violation of a duty independent of contract); *Keller v. A.O. Smith Harvestore Prods., Inc.,* 819 P.2d 69, 73 (Colo. 1991) (negligent misrepresentation is a tort claim based "not on principles of contractual obligation but on principles of duty and reasonable conduct."). "In these situations where we have recognized the existence of a duty *independent* of any contractual obligations, the economic loss rule has no application and does not bar a plaintiff's tort claim because the claim is based on a recognized independent duty of care and thus does not fall within the scope of the rule." *Town of Alma*, 10 P.3d at 1263.

Despite the existence of a standard of care provision in the FSA, I find that Plaintiff has sufficiently alleged facts that would indicate an independent duty under tort law to survive dismissal under the Colorado Economic Loss Rule. For example, to establish a prima facie case of fraud, a plaintiff must present evidence that the defendant made a false representation of a material fact; that the party making the representation knew it was false; that the party to whom the representation was made did not know of the falsity; that the representation was made with the intent that it be acted upon; and that the representation resulted in damages. *Kinsey v. Preeson,* 746 P.2d 542, 550 (Colo. 1987).

Plaintiff alleges that the FAM Defendants intentionally made false representations to the Plaintiff about the borrowers and their packages, and knew that they were straw borrowers (FAC, ¶ 71); that they intended for Plaintiff to rely on the

misrepresentations (FAC, ¶ 78); that they failed to provide requested copies of checks received from borrowers to the Plaintiff because they knew that none of the borrowers had ever cut checks, and they instead represented that making copies was burdensome and unnecessary (FAC, ¶ 72(c)); that the FAM Defendants profited from the fraudulent acts by receiving fees for each loan, including a 1% fee for each loan closed, and interest (FAC, ¶ 79); that they knew that the borrowers in question did not intend to live in the subject properties, the borrowers' incomes were fabricated, and the borrowers were being paid to close on the loans (FAC, ¶ 84); and that they submitted loan packages knowing they contained false information (FAC, ¶¶ 95-96).  The focus of Plaintiff's tort claims rests on the allegations of false representations made with the intention that the Plaintiff rely on them to its detriment.  The facts as alleged do not support an argument that the allegations constitute the substance of Plaintiff's breach of contract claim.  The content of the allegedly false representations is material in demonstrating that the FAM Defendants may have engaged in intentional tortious actions, and Plaintiff acted reasonably, although detrimentally, in justifiable reliance upon their false statements.

     As to the FAM officers – Kevin B. Jordan, William Depuy, Shaun Jordan, and Mark Campbell – no breach of contract claim has been asserted against them by the Plaintiff.  Therefore, they may not rely on the Colorado Economic Loss Rule as a basis to dismiss the tort claims against them, and those claims remain.

IV.     CONCLUSION

In accordance with the above discussion, Defendant First American Mortgage Funding, LLC, First American Mortgage, Inc., Construction Disbursement Services, Inc., Construction Financial Services, LLC, Kevin B. Jordan, William Depuy, Shaun Jordan and Mark Campbell's Consolidated Motion for Summary Judgment (ECF No. 1161), as it relates to the tort claims against the movants, is hereby **DENIED**.

Dated:  January 13, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge